349 So.2d 1327 (1977)
Paul BODI et al.
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY et al.
No. 11442.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 26, 1977.
*1328 Ronald A. Curet, Hammond, for Paul Bodi plaintiff appellee.
Robert E. Leake, Jr., New Orleans, for Government Employees Ins. defendant appellant.
John D. Kopfler, Hammond, for Tucker Jones defendant-third-party plaintiff.
W. Carl Roberts, Thomas S. Halligan, Dept. of Justice, Baton Rouge, for State of Louisiana & La. Air National Guard.
Charles J. Ferrara, Metairie, for Maryland Cas. Co. Intervenor.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action ex delicto filed by plaintiffs, Paul Bodi and Julius Bodi, individually and on behalf of his minor son, Dave Bodi,[1] against Government Employees Insurance Company (GEICO) and its alleged insured, Tucker S. Jones and Maryland Casualty Company (Maryland) under the uninsured motorist provisions of the plaintiff's insurance contract. Subsequently, the State of Louisiana, through the Louisiana Air National Guard was made a defendant as the employer of Jones, who was engaged in the proper course and scope of his employment at the time of the accident. GEICO denied coverage contending the insurance policy issued to Jones had been canceled some time prior to the accident. Jones third partied GEICO for recovery under the policy as well as asking for reasonable attorney fees for failing to provide a defense. Maryland was dismissed from the suit, but subsequently intervened to recover the amount paid out under the uninsured motorist provisions of the policy.
From a judgment in favor of plaintiffs, Paul and Dave Bodi and against Tucker Jones, the State of Louisiana through the Louisiana Air National Guard, and GEICO, in favor of Maryland recognizing its claim to be paid in preference to plaintiffs, and in favor of Jones against GEICO on his third party demand, though not for attorney fees, GEICO and Jones have appealed.
The record points out that on December 17, 1968, at approximately 8:30 A. M. Paul Bodi was operating, in a westerly direction on the Old Covington Highway in Hammond, Louisiana, an automobile owned by Paul and Julius Bodi, d/b/a Bodi's Body Shop, a commercial partnership, with Dave Bodi as the only passenger, when it was struck by an automobile owned and operated by Tucker Jones at the intersection with South Holly Street.
Paul Bodi did not remember anything at all of what happened on the day of the accident. In fact, he did not even remember getting up that morning. He vaguely remembered the day before the accident, and really only remembered subsequent to the accident when he was in the hospital.
Dave Bodi testified that they were one-half a car length through the intersection when he saw the Jones car moving at a blurred speed. He could not estimate the *1329 speed, but there was no attempt to turn made by the Jones vehicle. The Bodi vehicle was approximately one-fourth of a car length past the midway point of the intersection when the collision occurred.
Jones was traveling north on South Holly, and testified that he was going to turn right at the intersection, stopped before entering it and did not notice the oncoming Bodi vehicle. To the best of his recollection the left front of his car hit the rear quarter panel on the left side of the Bodi vehicle. He contended that his vision was obstructed by shrubbery.
Though the Trial Judge has not favored us with written reasons for judgment, it is apparent from his ruling that he favored the testimony of Dave Bodi in holding the defendant Jones negligent, and that his negligence was the sole proximate cause of the accident. We find no error on the part of the Trial Judge. Further, we find no contributory negligence on the part of Paul Bodi.

QUANTUM
The Trial Court rendered judgment in favor of Dave Bodi in the amount of $43,010.31, limiting GEICO's liability to $20,000.00. It also rendered judgment in favor of Paul Bodi in the amount of $7,200.05.

DAVE BODI
He received a six inch laceration in the scalp which was sutured in the emergency room. This laceration was within the hairline, and therefore the scar was not visible. In addition, there was a severe comminuted unstable fracture of the body of the seventh cervical vertibrae, and a fracture of the left twelfth rib. After the emergency room treatment, he was placed in bed with halter traction.
On December 20, he was operated on under a local anesthetic and Venke tongs were inserted for the maintenance of the skeletal traction. For the insertion of the Venke tongs a small hole was drilled on each side of the head through the outer table of the skull for the insertion of a small pin which grips onto the drill hole and then is attached to traction. It was described as being similar to ice tongs.
After this procedure was accomplished, he was placed in either a Stryker or Foster frame for six weeks. This frame consist of two narrow cot like frames with the ability of being bolted together with the patient sandwiched in between. This allows the patient to be turned completely over while traction is still being applied.
During this period he received sufficient medication so as to place his pain at a comfortable level.
After this six week period, his head was placed in a four poster brace. In early April, he was allowed to remove this brace intermittently, and after a several month period was allowed to discontinue its use.
He was given a 20 per cent permanent physical impairment and loss of physical function, and advised to avoid cold drafts because of a higher cause of pain. Because of the fear of reinjury he was restricted from activities wherein injury to his head could occur, i. e. water skiing, contact sports, and diving.

PAUL BODI
He also received a laceration to the scalp behind the hairline which was sutured in the emergency room. He complained of pain in his left knee and was admitted for observation. He was further diagnosed as having a mild brain concussion and contusion of the left knee. X-rays of the knee revealed no fractures, dislocations, and x-rays of the skull were normal. Plaintiff contends he had an open wound to his knee. He was released from the hospital on December 26, and was again seen by the attending physician on January 2 and January 9 of 1969, and discharged on January 9. During his hospital stay he occasioned severe headaches because of the brain concussion *1330 and was disoriented and confused for four or five days. He was only administered aspirin and Tylenol for his pain during his hospital stay, other than sedatives to help him get to sleep.
It is contended that of the $43,010.31 judgment in favor of Dave Bodi, $3,010.31 is for medical and other expenses including loss of earnings, thus leaving a $40,000.00 judgment for general damages, which both GEICO and Jones contend is excessive. These defendants-appellants also contend that of the $7,200.05 awarded to Paul Bodi, $2,200.05 was for special items, thus leaving a $5,000.00 award for general damages, and this is excessive.
We are ever mindful of the principle enunciated in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) that awards for damages lie within the much discretion of the trier of fact and are not to be disturbed on appeal unless there is a manifest abuse of the discretion. Further, that cases of similar nature do not provide a scale of uniformity involving comparable injuries.
With this in mind, we have reviewed this record, and in particular the testimony of Dr. Daniel S. Sinclair, the treating orthopedic surgeon of Dave Bodi as to the damages awarded to both plaintiffs, and though we feel the Trial Judge may have been liberal in both awards for general damages, we find no abuse of discretion.

COVERAGE
The contested issue between GEICO and Jones is whether there is coverage or whether the policy was effectively canceled prior to the accident. There apparently is no question but that Tucker Jones at least three times in three years had been late in his premium payments and had suffered cancellation, but yet his policy was reinstated. The chronology of events leading up to this cancellation are as follows:
(1) October 8, 1968, notice of cancellation sent to Tucker Jones and received on October 10, 1968. This notice of cancellation in essence demands payment from the insured prior to the cancellation date of October 31, 1968 and further informs the insured "ACT NOW TO PREVENT CANCELLATION OF YOUR INSURANCE PROTECTION."
(2) November 12, 1968, payment in the amount of $41.17 sent to GEICO.
(3) December 2, 1968, payment received by GEICO and check from insured was accepted and deposited.
(4) December 17, 1968, accident occurs.
(5) December 17, 1968, notice was sent to Crawford and Company, adjusters for GEICO, and Crawford and Company on same day mailed notice to GEICO.
(6) December 23, 1968, GEICO received notice of the accident.
(7) December 31, 1968, refund check in the amount of $40.56 was issued by GEICO to Jones.
(8) January 21, 1969, GEICO cancellation notice sent to Jones.
Jones contends that under the doctrine of equitable estoppel the notice of cancellation issued on October 8, 1968 was ineffective. In discussing this problem our brethren on the Third Circuit in Carter v. Benevolent Life Insurance Company, Inc., 300 So.2d 623, 625 (La. 3rd Cir. 1974), writ refused, 304 So.2d 666 (La.1974) said:
"They say that defendant's custom of accepting overdue premiums caused plaintiffs to reasonably believe that the policies would remain in effect even though the premiums were not paid when due. Plaintiffs rely on jurisprudence which allows recovery in such cases. These cases establish the following general rules: (1) There must be a habit or custom of accepting overdue premiums; (2) The insured must reasonably believe that by reason of this custom the insurer will maintain the policy in effect without prompt payment of premiums."
It is obvious from the decision of the Trial Judge that he believed that a habit or *1331 a custom of accepting overdue premiums existed and Jones was led to rely on this custom. From our review of the record, we find no error on the part of the Trial Judge.

ATTORNEY FEES
In his third party demand against GEICO, Jones asked for reasonable attorney fees for failing to provide him with a defense. The Trial Judge did not award attorney fees to Jones, and he of course contends this is error.
We do not find anywhere in the record that GEICO in defending itself in this lawsuit also defended its insured, Tucker Jones. In filing its responsive pleadings, it did not include Tucker Jones in those pleadings, and to his third party demand, they specifically denied coverage, contending that the insurance policy had been canceled. We necessarily then do not feel that this case is covered by the case of Breitenbach v. Green, 186 So.2d 712 (La.App. 4th Cir. 1966) wherein the insurer alleged cancellation, but in defending itself also defended the insured, and the court denied attorney fees to the attorney representing the insured because the insurer also defended the insured. In the absence of also defending the insured, we believe that the facts of this case are controlled by Clemmons v. Zurich General Accident & Liability Insurance Co., 230 So.2d 887 (La.App. 1st Cir. 1969) and Fontenot v. State Farm Mutual Insurance Co., 119 So.2d 588 (La.App. 1st Cir. 1960). Therefore, we are of the opinion that the Trial Judge was in error in not awarding attorney fees to the defendant Jones. After reviewing this record, and in particular the pleadings filed, the depositions attended, and the transcript of evidence taken at the trial, we are of the opinion that a fair award for attorney fees would be $1,750.00.

DECREE
Therefore, for the above and foregoing reasons the judgment of the Trial Court is reversed in its failure to award attorney fees to Tucker Jones, and it is ordered that there be judgment in favor of Tucker Jones and against Government Employees Insurance Company in the amount of $1,750.00; and in all other respects the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by Government Employees Insurance Company.
REVERSED IN PART, AFFIRMED IN PART AND RENDERED.
NOTES
[1] Subsequent to the filing of the petition, Dave Bodi became of age and was substituted as a party plaintiff.