490 So.2d 819 (1986)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., Plaintiffs,
v.
MARYLAND CASUALTY COMPANY, Defendant and Third Party Defendant-Appellee, and
Thaddeus R. Benoit, Defendant and Third Party Plaintiff-Appellant.
No. 85-908.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
Malcolm Brasseaux, Church Point, for defendant and third party plaintiff-appellant.
C. Michael Hill, Lafayette, for defendant and third party defendant-appellee.
Before DOMENGEAUX and KNOLL, JJ., and BROYLES, J. Pro Tem.[*]
DOMENGEAUX, Judge.
This appeal concerning the issue of insurance coverage arises from the midst of an automobile accident tort suit. Originally, Jerry Higginbotham and his insurer, State Farm Mutual Automobile Insurance Company (plaintiffs), sued Thaddeus R. Benoit and his alleged insurer, Maryland Casualty Company, seeking damages caused by the negligence of Benoit. Defendant Benoit answered with a general denial and included a third party demand against Maryland for indemnity. Maryland Casualty Company resisted both claims, alleging that the insurance policy covering Benoit had been cancelled four days prior to the automobile accident giving rise to this suit.
The parties stipulated to Defendant Benoit's responsibility for the accident and the amount of the plaintiffs' damages. Therefore, the issue before the trial court was whether Benoit's insurance policy was still in effect at the time of the accident. The trial judge held the policy had been cancelled before the date of the accident, and so rendered judgment in favor of the plaintiffs and against Defendant Benoit, and dismissed all direct and third party claims against Defendant Maryland.
Benoit has appealed citing two assignments of error,[1] both of which contest the *820 trial court's finding that the contract of insurance between Benoit and Maryland had been cancelled. The appellant claims that the appellee established a pattern of accepting late insurance premium payments which induced him to reasonably believe that his policy would remain in effect without prompt payment of premiums.
The basic facts necessary to the disposition of this suit are undisputed. Maryland Casualty Company had originally issued Mr. Benoit a policy of insurance coverage in December of 1981. That first policy provided liability and collision coverage from December 21, 1981, through June 20, 1982. Fifty percent of the $206.00 premium was due on January 12, 1982. Due to nonpayment of the premium installment, a cancellation notice was issued to the insured on January 18, 1982, to become effective January 28, 1982. However, the premium installment was received on January 22, six days before the effective date of the cancellation, so in accordance with company policy Maryland automatically reinstated the coverage. Mr. Benoit was delinquent in his premium payment when the second half of his premium was due in March of 1982, so a second cancellation notice was forwarded to the insured. Again, payment was received before the effective date of the cancellation and the policy was reinstated.
On June 21, 1982, Maryland issued a renewal policy to Mr. Benoit. Once again, Mr. Benoit's premium was late. A cancellation which was to become effective on July 25, 1982, was mailed to the insured. Mr. Benoit subsequently tendered his premium payment in the form of a personal check that was dated July 27, 1982.
Mr. Benoit's accident occurred on the 29th of July, four days after the effective date of the cancellation. Mr. Benoit made a claim against Maryland for indemnification against his insurer. Maryland ultimately denied coverage, citing a company policy which prohibits reinstatement of coverage if a delinquent payment is received after the effective date of cancellation.
Appellant Benoit cites us the case of Carter v. Benevolent Life Insurance Company, 300 So.2d 623 (La.App. 3rd Cir.1974), writ denied, 304 So.2d 666 (La.1974), in an attempt to support his claim of equitable estoppel. That case establishes that an insurance company's custom of accepting overdue premium payments which reasonably leads an insured to believe that his policies would remain in effect even though the premiums were not paid when due, can operate to estop the insurance company from denying coverage for an accident occurring during the term of that policy. The Carter Court held, however, that the insurance policy had been cancelled and that equitable estoppel would not work in favor of the insured based on the finding that the insured could not have reasonably believed that the policy would remain in effect when his premium payment was almost four months late.
A later Second Circuit case employed the Carter doctrine of equitable estoppel to the insured's benefit. Bodi v. Government Employees Insurance Company, 349 So.2d 1327 (La.App. 1st Cir.1977), writ denied, 350 So.2d 1215 (La.1977). The Second Circuit made the crucial finding that the insurance company had established a habit or custom of accepting overdue premiums and that the insured had come to rely on that custom.
The case before us is different from both of those cited above. The trial court found that although Maryland had a custom of accepting late premium payments and automatically reinstating the policy, this custom only applied when the overdue payments were received before the effective date of the cancellation. This finding is not manifestly erroneous, and indeed, is manifestly correct. Therefore, even though Mr. Benoit had learned to rely on the reinstatement of his policy if the overdue premium payment was received by Maryland before *821 the effective date of the cancellation, Mr. Benoit was not entitled to reasonably believe his policy would remain in effect if his payment was mailed and received after the effective date of the cancellation.
The above discussion illustrates that one of the elements necessary to establish equitable estoppela habit or custom of accepting overdue payments after the effective date of the cancellationhas not been proven by the appellant. We therefore find no error in the trial court's determination that the appellant's insurance policy issued by the appellee had been cancelled before the accident giving rise to this suit. Likewise, there is no error in the trial court's holding that Appellee Maryland is not liable for the claims made under the cancelled policy.
For the above and foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are to be taxed to the appellant.
AFFIRMED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] The appellant's assignments of error are as follows:

"(1) The Trial Court erred in its determination that appellant's insurance policy issued by appellee had been cancelled.
(2) The Trial Court erred in its determination that appellee was not liable for the claims made under its policy issued to appellant."