410 So.2d 365 (1982)
Curtis JOHNSON
v.
John DOE, an unidentified deputy Criminal Sheriff, Charles C. Foti, Jr., Frank Bouyelas, Police Superintendent Clarence Giarrusso, New Orleans Police Department, City of New Orleans and Travelers Insurance Company.
No. 12543.
Court of Appeal of Louisiana, Fourth Circuit.
February 9, 1982.
*366 Freeman R. Matthews, Stephen G. Ritterbush, Jr., New Orleans, for defendant-appellant.
Walter F. Gemeinhardt, A Professional Law Corp., John P. Keegan, New Orleans, for plaintiff-appellee.
Before GULOTTA, BYRNES and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal from a judgment against the Orleans Parish Criminal Sheriff Charles Foti, the City of New Orleans, and the City's insurer, the Travelers Insurance Company, awarding $25,000.00 to plaintiff Curtis Johnson for injuries he sustained while incarcerated in the Orleans Parish House of Detention.
On May 10, 1976, plaintiff was injured in the Orleans Parish House of Detention. Testimony at trial as to the nature and cause of the incident that resulted in the injury was conflicting. The testimony was uncontroverted that the plaintiff was being escorted to the elevator on the ninth floor of the House of Detention by Lieutenant Marino and Deputy Boyd and Boyd pushed the plaintiff.[1] Johnson testified that the push was without provocation. Boyd testified that Johnson was elbowing him and that he simply was attempting to push him away; when he pushed plaintiff, plaintiff slipped on a wet, waxed floor falling forward and hitting a panel of indicator lights. Plaintiff sustained a cut above his right eyebrow. He then was taken to Charity Hospital in New Orleans where he received medical treatment for the injury.
Boyd testified that his pushing of Johnson did not cause plaintiff to strike his head, but rather plaintiff slipped on the wet, waxed floor of the House of Detention. Boyd and Marino testified that there was a broken window through which rainwater was coming near the place where the incident occurred and that the water had collected on the floor where Johnson fell.
Sheriff Foti has not appealed the determination of liability on the part of his office, but has appealed on the issue of quantum. The City and its insurer [hereinafter collectively referred to as the "City"] have appealed both determinations of liability and quantum.
LIABILITY
Liability on the part of the City was asserted on two bases: (1) the City has responsibility for the physical maintenance of the House of Detention, and through its negligence in not repairing the windows, the floor was wet, causing plaintiff to slip and strike his head; and (2) Deputy Boyd was a City Civil Service employee, and the City, therefore, is responsible for his action.
Maintenance of the House of Detention
The record clearly reflects that the City has responsibility for the physical maintenance of the House of Detention. Robert Richards, Public Buildings Administrator for the City, testified at trial that the City is responsible for repairing the windows in the House of Detention.[2]
*367 Although the evidence supporting a determination that Johnson struck his head as a result of slipping on a wet, waxed floor is not overwhelming, it nevertheless provides a basis on which a jury reasonably could find liability on the part of the City.
Employer of Boyd
Plaintiff has argued that Boyd was a City Civil Service employee and the City, therefore, was responsible for his actions.
It is unclear from the proceedings below whether Boyd was an employee of the State or of the City.[3] In the final analysis, however, this is of little import. The law is well settled that a parish or municipality is not liable for the actions of a deputy sheriff. Foster v. Hampton, 352 So.2d 197 (La.1977); Whatley v. State, 369 So.2d 1125 (1st Cir. 1979). Even assuming, arguendo, that Boyd were a classified City Civil Service employee, the City would not be responsible for his actions.
Johnson had asserted that there were two bases on which the jury might find the City liable. Although it is clear that the City was not responsible for Boyd's actions on a theory of respondeat superior, there is a basis on which a jury could reasonably find the City liable: negligence in failing to maintain the premises of the House of Detention by not replacing the broken window. The jury was not given interrogatories to determine the reason for their assessment of the City's liability. Because there would be no manifest error in the jury's decision finding the City negligent in maintaining the premises of the House of Detention, we affirm the trial court on this issue. See Canter v. Koehring Co., 283 So.2d 716 (La.1973).
QUANTUM
Johnson was awarded $25,000.00 for pain and suffering. Because he was incarcerated at the time of the incident and received free medical care, there was no award for lost wages or medical costs.
We find the trial court's general damage award is unsupported by the evidence in the record. Reck v. Stevens, 373 So.2d 498 (La. 1979).
Plaintiff testified that after he struck his head, he bled from the wound and was taken to Charity Hospital where the cut was sutured. Plaintiff consulted Dr. Kenneth Vogel, 2½ years after the incident. From the information given him by plaintiff, Dr. Vogel diagnosed plaintiff as having suffered a Grade 1 concussion as a result of the blow to his head. Dr. Vogel testified that plaintiff suffered no residual disability or trauma as a result of the injury.
Plaintiff has complained of headaches lasting fifteen or twenty seconds, occurring several times a day. For a year after his injury, plaintiff suffered a blurriness of vision. This condition was not permanent, and he later obtained a Louisiana Chauffeur's License. He currently is employed as a program coordinator for the St. Bernard Parish Drug Rehabilitation Center.
Based upon this evidence, we find that the highest award that the jury reasonably could have made was $7,500.00. See Coco v. Winston Industries, Inc., 341 So.2d 332 (La. 1976). Cf. Bodi v. Gov. Emp. Ins. Co., 349 So.2d 1327 (La.App. 1st Cir. 1977) (award of $5,000.00 for concussion resulting in severe headaches and laceration); Wagner v. Hazelquist, 347 So.2d 1265 (La.App. 1st Cir. 1977) (award of $1,500.00 for forehead laceration).
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the plaintiff and against defendants Orleans Parish Criminal Sheriff Charles Foti, the City of New Orleans, and the Travelers Insurance Company, for the sum of SEVEN THOUSAND FIVE HUNDRED AND no/100 ($7,500.00) DOLLARS.
*368 The judgment to carry legal interest from date of judicial demand until paid.
AMENDED AND AFFIRMED.
NOTES
[1] Plaintiff has alleged that a second deputy, Deputy McGee, was present when the incident took place. He did not testify at trial.
[2] Richards testified that at the time of the underlying incident, the usual procedure for reporting broken windows in the House of Detention was for his office to receive a telephone call from the Sheriff's Department notifying his department of the need for repair. Richards did not testify that he received notice of that particular broken window, but was sure such a call had been made. Tr. at 12.
[3] In Civil Service Commission of City of New Orleans v. Foti, 349 So.2d 305 (La.1977), the Louisiana Supreme Court held that employees of the Orleans Parish Sheriff's Department who had attained classified status with the City Civil Service prior to 12:00 a.m., December 31, 1974 would retain that status. If the employee were unclassified at that time, he or she would be a State unclassified employee. No evidence was presented at trial that was conclusive as to Boyd's actual status.