747 So.2d 99 (1999)
Charles BARR, Plaintiff-Appellant,
v.
Don HATHAWAY, Sheriff, Caddo Parish, Louisiana, Defendant-Appellee.
No. 32,192-CA.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1999.
Allan R. Harris, Shreveport, Counsel for Appellant.
Cook, Yancey, King & Galloway by Gregg A. Wilkes, Shreveport, Counsel for Appellee.
Before CARAWAY, KOSTELKA and DREW, JJ.
*100 CARAWAY, J.
Following a slip and fall by an inmate, the inmate's grievance claim was reviewed by the Caddo Correctional Center which determined no fault in the accident by the sheriff or his employees who ran the correctional facility. The inmate then filed this suit to contest the ruling on his grievance. Upon the sheriff's exception of no cause of action, the suit was dismissed. For the following reasons, we affirm the judgment insofar as it sustains the exception, but amend and remand to permit the plaintiff to amend the petition to state a cause of action.

Facts
Plaintiff, Charles Barr, is an inmate at Caddo Correctional Center (CCC), a jail operated by the Caddo Parish Sheriff's Office. Barr alleges that on September 13, 1997, he slipped and fell on the wet floor of his cell and that this fall caused him serious personal injury requiring extensive medical treatment. He then filed what he described as an "Inmate Grievance" with CCC to complain of the allegedly hazardous condition that caused his fall. Barr states that the grievance was considered and dismissed by a reviewing officer on the stated grounds that the injury was the result of "sugar diabetes."
After the reviewing officer allegedly reached this decision, Barr filed this action against Sheriff Don Hathaway (hereinafter "the Sheriff") seeking judicial review of the decision. The petition did not seek money damages for personal injuries. In response, the Sheriff filed an exception of no cause of action. The Sheriff informed the court that the inmate grievance form is a part of a CCC internal review procedure, the outcome of which is not subject to judicial review. After the trial court sustained the exception, Barr brought this appeal.

Standard of Review
The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94), 640 So.2d 237. The standard for granting an exception of no cause of action is as follows:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the court of appeal and the [supreme] court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
Id. at 253 (citations omitted).
In appraising the sufficiency of the petition, we follow the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide for relief on any possible theory. Id.

Discussion
Instead of filing a tort action for his injuries, Barr seeks only a reversal of the ruling by the CCC officer denying his Inmate Grievance. Barr's petition indicates that no formal evidentiary hearing *101 was conducted prior to the CCC ruling and that he was provided no guidelines by CCC advising him of any right to subpoena witnesses or documents for a hearing. Barr's petition makes no allegation that the CCC ruling was made pursuant to the Corrections Administrative Remedy Procedure law, La. R.S. 15:1171 et. seq. (hereinafter "CARP"), and he has not cited the court to the promulgation in the State Register of any administrative remedy procedure for the Caddo Parish Sheriff's Office pursuant to CARP. La. R.S. 15:1173. The Sheriff urges the exception of no cause of action based upon the assertion that no administrative remedy procedure for his office has ever been implemented pursuant to CARP.
CARP specifically provides that the Department of Public Safety and Corrections or a sheriff may adopt, in accordance with the Administrative Procedure Act, La. R.S. 49:950 et seq., administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders against the state or a sheriff. La. R.S. 15:1171. Such complaints may include claims for monetary damages for personal injuries. Section 1172 of CARP requires the approval of the administrative remedy procedure by a federal court pursuant to 42 U.S.C.1997 prior to the implementation of the procedure by a sheriff. Only then may administrative review serve as the initial step in the commencement of an action by an aggrieved offender held in the custody of a sheriff.
With the Sheriff's election not to adopt and implement procedures under CARP, Barr's right to access the courts for relief for the underlying tort alleged in this proceeding is procedurally unaffected. An ordinary tort proceeding in the district court is afforded the plaintiff, and the trial court should have provided Barr leave to amend his petition accordingly. La. C.C.P. art. 934.
In conclusion, CARP provides that a sheriff "may adopt" an administrative remedy procedure for the consideration of the type of tort action which appellant now alleges. With no allegation of such procedure and no showing of a promulgation of an administrative remedy procedure for the Caddo Parish Sheriff's Office, the trial court's dismissal of Barr's claim on the exception of no cause of action is affirmed. The judgment is amended, however, to make the dismissal without prejudice and to allow the plaintiff, pursuant to La. C.C.P. art. 934, twenty (20) days from the rendition of this judgment in which to amend the petition. Costs are to be assessed to appellant.
AMENDED AND AFFIRMED; CASE REMANDED.