747 So.2d 1234 (1999)
Billy Mac McCOY, Plaintiff-Appellant,
v.
CITY OF MONROE, et al., Defendant-Appellee.
No. 32,521-CA.
Court of Appeal of Louisiana, Second Circuit.
December 8, 1999.
Rehearing Denied January 20, 2000.
*1237 Billy Mac McCoy, AppellantIn Proper Person.
D. Milton Moore, III, AppelleeIn Proper Person.
David G. Erskine, Columbia, Counsel for Jimmy Dimos.
C. Lynn Tubb, West Monroe, Counsel for Ouachita Parish Jury.
Jerry Jones, District Attorney, Counsel for Ouachita Parish District Attorney's Office.
Nancy Summersgill, City Attorney, Counsel for City of Monroe.
Richard Stalder, Counsel for State of Louisiana DOC.
BEFORE: NORRIS, C.J., and GASKINS and DREW, JJ.
GASKINS, J.
The plaintiff, Billy Mac McCoy, appeals from a trial court judgment granting exceptions of prescription and/or no cause of action in favor of the defendants, the City of Monroe, the Ouachita Parish Police Jury, the Ouachita Parish District Attorney's Office, Judge D. Milton Moore, III, and the attorney who represented the defendant at his criminal trial, Jimmy Dimos. We affirm the trial court judgment.

FACTS
McCoy was convicted of aggravated rape on September 12, 1973. On September 24, 1973, he was sentenced to serve life in prison. Over the years, the defendant has filed numerous applications for post conviction relief and for an out-of-time appeal. These all appear to be pro se applications and all have been denied.[1] McCoy also sought relief in the federal court system and was equally unsuccessful in that court.
*1238 The defendant now files the present civil suit against all possible parties connected with his prosecution, seeking to have his sentence commuted to twenty years. Since he has already served approximately twenty-six years, this would result in his immediate release. McCoy also seeks monetary damages totaling 35 million dollars.
At the time McCoy was convicted, the penalty for aggravated rape was death. However, a responsive verdict of "guilty without capital punishment" was available, whereby the defendant would be sentenced to life in prison. In Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), the United States Supreme Court found the death penalty, as then applied, was unconstitutional. The Louisiana Supreme Court began remanding murder and aggravated rape cases where the death penalty had been imposed, for resentencing to life imprisonment. In an attempt to overcome Furman's objections to the death penalty, the Louisiana legislature amended the aggravated rape statute to make the death penalty mandatory.[2] The qualifying verdict of guilty without capital punishment in aggravated rape cases, with its attendant sentence of life imprisonment, was deleted. At that point, the only available verdicts for aggravated rape were guilty, guilty of attempted aggravated rape, guilty of simple rape, and not guilty.
Then, in 1976, the United States Supreme Court declared Louisiana's mandatory death penalty unconstitutional, because the jury was not given a chance to consider aggravating or mitigating circumstances. Selman v. Louisiana, 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976); Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). Thereafter, because the most stringent penalty for a responsive verdict to aggravated rape was twenty years, the Louisiana Supreme Court began remanding aggravated rape cases, in which the mandatory death penalty was applied, for resentencing to twenty years. See State v. Craig, 340 So.2d 191 (La.1976); State v. Lee, 340 So.2d 180 (La. 1976).
McCoy was convicted before the amendment to the statute, at a time when life imprisonment was still an option. Upon his conviction, he was sentenced to serve life in prison without benefit of parole, probation or suspension of sentence. However, he argues that, because those prisoners sentenced to death for aggravated rape had their sentences converted to a term of twenty years, he has been unjustly required to serve a longer sentence than those prisoners convicted of the same offense who faced a more severe penalty.
On August 3, 1998, the plaintiff filed a pro se civil suit under 42 U.S.C. § 1983 and La. C.C. art. 2315, for monetary damages for deprivation of his rights. McCoy, proceeding as a pauper, sought to enjoin the enforcement of his conviction and sought $25 million in compensatory damages as well as $10 million in punitive damages. He also sought to have counsel appointed to represent him and he requested a jury trial. He named as defendants all parties even remotely connected with the defendant's conviction, including Judge D. Milton Moore, III, the Parish of Ouachita, the Ouachita Parish District Attorney's Office, and the City of Monroe.[3] *1239 In addition, he named as defendants Jimmy Dimos and Jerry Finley, the attorneys who represented him at trial.[4]
McCoy claimed that he is entitled to benefit from the unconstitutionality of the death penalty because the jury was ordered to return a verdict that violated due process. He also argued that his indictment was unconstitutional because blacks and women were excluded from the grand jury. McCoy further alleged that the Department of Corrections failed to provide him any assistance to attack his unconstitutional conviction and sentence.[5]
McCoy contended that the district attorney's office is liable because it obtained a conviction under an unlawful indictment. He further claimed that Jimmy Dimos and Jerry Finley are liable for refusing to timely appeal his conviction and sentence.
McCoy complained that his requests for an out-of-time appeal have been repeatedly denied without a hearing. McCoy contended that Judge Moore is biased against him and he argued that the city and parish are responsible for the acts and/or omissions of the judge in refusing to grant the relief he requested.
Judge Moore filed an exception of no cause of action and argued that the suit against him was barred by judicial immunity. He contended that the plaintiff's pleadings failed to set forth any cognizable action against the judge which would purport to give rise to civil liability. The judge contended that he inherited this case from Judge Robert T. Farr and that his actions on McCoy's post conviction relief applications were made solely in his capacity as a district court judge.
Ouachita Parish also filed an exception of no cause of action, arguing that the parish is not responsible for the acts or omissions of Judge Moore. The parish contends that judges are elected officials and neither the parish nor the police jury has vicarious liability for the acts of a judge.
Jimmy Dimos filed an exception of prescription, contending that the matter is governed either by the one year prescriptive period for tort actions set forth in La. C.C. art. 3492 or the peremptive period for legal malpractice claims found in La. R.S. 9:5605. McCoy then answered this argument, contending that Dimos committed fraud and therefore under La. R.S. 9:5605(E), the peremptive period did not begin to run.
The Ouachita Parish District Attorney's Office also filed an exception of prescription. McCoy filed an opposition to the exception, claiming that the DA's office committed fraud by failing to act on his motion to correct an illegal sentence and that the "peremptive period" does not apply in cases of fraud.
The City of Monroe filed an exception of prescription, claiming this action was subject to the one year prescriptive period for torts.
A hearing on the various exceptions was held on November 24, 1998. The trial court allowed McCoy and counsel for the defendants to submit their arguments on the exceptions in writing. No argument was held in open court.
At the hearing, the trial court granted the exceptions of no cause of action filed by Judge Moore and Ouachita Parish and also granted the exceptions of prescription filed by Jimmy Dimos, the Ouachita Parish District Attorney's Office, and the City of Monroe. A judgment to that effect was *1240 signed on December 18, 1998. The plaintiff appealed.
The plaintiff continues to represent himself on appeal. Therefore, his arguments are not artfully drawn. McCoy contends that the judgment against him is an absolute nullity so as to suspend prescription and he asserts that prescription does not apply to actions under 42 U.S.C. § 1983. He further argues that prescription does not apply to the State of Louisiana. McCoy next asserts that the trial court erred in refusing to appoint counsel to represent him and that he is entitled to declaratory and injunctive relief. However, we note that the judgment before this court for review is that of December 18, 1998, in which the trial court granted various exceptions of prescription and no cause of action, dismissing the plaintiff's claims. Therefore, the only issue properly before this court on appeal is the propriety of the trial court ruling in that regard.

CLAIM AGAINST JUDGE
In the trial court, the plaintiff claimed that Judge D. Milton Moore, III, was liable to the plaintiff in tort, because the judge is biased against him and has repeatedly denied, without a hearing, the plaintiff's request for an out-of-time appeal. Judge Moore filed an exception of no cause of action, asserting that his actions were all taken in his judicial capacity and the doctrine of judicial immunity bars the plaintiff's claim against him. The trial court granted the exception of no cause of action. We affirm that ruling.
The exception of no cause of action is a peremptory exception, intended to test the legal sufficiency of the petition. La. C.C.P. art. 927. It is tried only on the face of the pleadings; generally, it must be overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premises on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. Steed v. St. Paul's United Methodist Church, 31,521 (La.App.2d Cir.2/24/99), 728 So.2d 931, writ denied, 99-0877 (La.5/7/99), 740 So.2d 1290.
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. Barr v. Hathaway, 32,192 (La.App.2d Cir.8/18/99), 747 So.2d 99. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. Barr v. Hathaway, supra. In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. Barr v. Hathaway, supra.
Title 42, § 1983 of the United States Code provides in pertinent part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law....
See also Arledge v. Sherrill, 32,189 (La. App.2d Cir.8/18/99), 738 So.2d 1215.
Recovery under § 1983 requires a plaintiff to allege and prove two essential elements: (1) that the defendant's conduct occurred under the color of state law, and (2) that the defendant's conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or a law of the United States. Arledge v. Sherrill, supra. In other words, 42 U.S.C. § 1983 imposes liability for violation of rights protected by the United States Constitution, not for violations of duties arising out of state tort law. However, when an official performs a function integral to the judicial *1241 process or a traditional legislative function, the official is absolutely immune from § 1983 liability for acts performed in those capacities. Moresi v. State Through Department of Wildlife and Fisheries, 567 So.2d 1081 (La.1990); Arledge v. Sherrill, supra.
In Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the United States Supreme Court recognized the long history of judicial immunity and its importance in protecting judges from vexatious actions prosecuted by disgruntled litigants. The judge is entitled to absolute immunity where he performs "judicial" acts. Moore v. Taylor, 541 So.2d 378 (La.App. 2d Cir.1989). A judge, of whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. Judges are absolutely immune from 42 U.S.C. § 1983 liability for all acts performed within their subject matter jurisdiction, even if the acts are malicious. This immunity extends to justices of the peace as well as those that sit on the supreme court and shields judges unless they act either in "the clear absence of all jurisdiction over subject matter" or in a nonjudicial capacity. Moore v. Taylor, supra.
The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. A judge may not be cast for damages for his errors unless he has acted outside of his judicial capacity. Moore v. Taylor, supra. Even where the judge has technically acted outside his jurisdiction and contrary to law, he will remain protected, unless his actions were based on malice or corruption. Moore v. Taylor, supra.
Therefore, to state a cause of action against Judge Moore, the plaintiff must allege facts showing not only malice and corruption, but that Judge Moore acted beyond his jurisdiction or outside his judicial capacity. The plaintiff has made no such showing in this case. McCoy objects only to Judge Moore's denial of the plaintiff's applications for post-conviction relief. The rulings were carried out strictly within the confines and capacity of Judge Moore's office as a district judge. Further, the plaintiffs bare, unsupported allegations of bias are not sufficient to abrogate the protection of judicial immunity in this case. McCoy's claim that the judge is biased against him is rooted in the judge's failure to rule in the plaintiffs favor. The rulings complained of have been reviewed by higher courts. Accordingly, under both federal and state law, the plaintiff has failed to state a cause of action against Judge Moore.

CLAIM AGAINST OUACHITA PARISH POLICE JURY
The plaintiff claimed that Ouachita Parish is vicariously liable for the actions of Judge Moore in denying McCoy's applications for post conviction relief. The trial court correctly sustained the Ouachita Parish Police Jury's exception of no case of action as to this claim.
The requisites for evaluating an exception of no cause of action are set forth above. The office of judge is an elected, constitutional office, under the judicial branch of government, pursuant to La. Const.1974, Art. 5, § 14 and § 22, and functions independently of parish governing authorities. See and compare Johnson v. Doe, 410 So.2d 365 (La.App. 4th Cir. 1982). A district court judge is not an agent or employee of the parish. Further, as discussed above, all actions taken by Judge Moore were carried out in his capacity as judge and it is clear from the face of the pleadings that the doctrine of judicial immunity bars the plaintiff's case of action against the judge. Logic also dictates that if the judge would not be liable for his judicial actions, no other entity would have vicarious liability as a result of those actions. The trial court correctly granted the exception of no cause of action filed by the Ouachita Parish Police Jury.

*1242 CLAIM AGAINST DEFENSE COUNSEL
In the court below, the plaintiff objected that Dimos refused to perfect an appeal to McCoy's aggravated rape conviction. Dimos filed an exception of prescription to the claim which was granted by the trial court. We find no error in the trial court's ruling.
The plaintiff's claim against Dimos is for legal malpractice in failing to prosecute an appeal on McCoy's behalf following his 1973 conviction. Although the record is not clear as to why an appeal was not taken at that time, there are indications that the failure to timely appeal was attributable to McCoy's instructions. At any rate, there was no showing before the trial court of any wrong doing on the part of Dimos regarding the lack of filing an appeal on behalf of McCoy. Even if such a showing had been made, the plaintiff's claim is barred by peremption.
La. R.S. 9:5605 is applicable to this case. That statute provides as follows:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

C. Notwithstanding any other law to the contrary, in all actions brought in this state against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional law corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, the prescriptive and peremptive period shall be governed exclusively by this Section.

D. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953. [Emphasis supplied.]
The legislature's enactment in 1990 of La. R.S. 9:5605 legislatively abrogated the applicability of any other prescriptive period for legal malpractice claims. See Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291; Gowan v. Ingram, 31,037 (La.App.2d Cir.9/23/98), 718 So.2d 614, writ denied, 98-2696 (La.1/8/99), 735 So.2d 631. Further, the statute provides that it is remedial and therefore applies to all causes of action *1243 without regard to the date upon which the alleged act, omission or neglect occurred. This is a peremptive period rather than a prescriptive period. Peremption is a form of prescription. Flowers, Inc. v. Rausch, 364 So.2d 928 (La.1978). However, peremption may not be renounced, interrupted or suspended. Therefore, the doctrine of contra non valentem is not applicable to suspend the running of peremption. Reeder v. North, supra. Under the plain language of the statute, the longest period for instituting a legal malpractice claim is three years.
When the plaintiff's petition on its face indicates that prescription has run, the burden shifts to the plaintiff to show why the claim has not prescribed. Taussig v. Leithead, 96-960 (La.App. 3d Cir.2/19/97), 689 So.2d 680. The only statutory exclusion from the three-year peremptive period is for fraud claims brought pursuant to La. R.S. 9:5605(E). Gowan v. Ingram, supra. La. C.C. art.1953 provides that fraud is "a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause loss or inconvenience to the other. Fraud may also result from silence or inaction." For an act to constitute fraud, it must be calculated to produce a misleading effect. Bourque v. Hoychick, 97-627 (La.App. 3d Cir.11/19/97), 704 So.2d 815. In this case, the plaintiff made no showing that Dimos acted fraudulently in any way. None of the facts before this court indicate that Dimos made any misrepresentations to the plaintiff or attempted to suppress the truth. Further, there is no showing that Dimos prevented the plaintiff from knowing the status of an appeal or the lack thereof. La. R.S. 9:5605(E) does not operate in this case to prevent the application of peremption. Accordingly, the plaintiffs present suit, filed some 26 years after his conviction, is simply too late. His claim against Dimos is barred by peremption.

CLAIM AGAINST OUACHITA PARISH DISTRICT ATTORNEY'S OFFICE
In the trial court, the plaintiff sought to recover against the district attorney's office, claiming that it is liable for obtaining a conviction against him under an unlawful indictment. McCoy argues that the indictment was defective because blacks and other minorities were excluded from service as jury foremen and women were excluded from jury service. The Ouachita Parish District Attorney's Office filed an exception of prescription, arguing that this suit for civil damages is governed by the one year prescriptive period found in La. C.C. art. 3492 which provides that delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day the injury or damage is sustained. The trial court agreed with the district attorney's office and granted the exception, dismissing the plaintiff's claim against it. We affirm that portion of the trial court ruling.
The plaintiff seeks recovery under 42 U.S.C. § 1983 as well as under state law tort provisions contained in La. C.C. art. 2315. Prescription for § 1983 actions is determined by state limitations statutes, in determining the timeliness of a claim under civil rights provisions. Moore v. Tangipahoa Parish School Board, 594 F.2d 489 (5th Cir.1979). In Louisiana, such actions are limited by the one year prescriptive period contained in La. C.C. art. 3492. The plaintiff had one year from the time of the alleged wrong done him to seek recovery. The plaintiff failed to assert his claim within that time period. Further, the plaintiff has made no showing of any factors which would interrupt the running of this prescriptive period. Any action the plaintiff might have had under tort theories of recovery for his September 1973 conviction became barred by prescription upon the passage in 1974 of the one year prescriptive period.
Further, although the plaintiff makes some argument on appeal that contra *1244 non valentem agere nulla currit praescriptio applies to suspend the running of prescription, the facts do not support this contention. The doctrine of contra non valentem is based upon the theory that when the claimant is not aware of facts giving rise to his cause of action against a particular defendant, the running of prescription is suspended until the plaintiff discovers or should have discovered the facts upon which the action is based. Southern v. Bank One of Louisiana, N.A., 32,105 (La.App.2d Cir.8/18/99), 740 So.2d 775. In this case there is no showing that any factors operated to prevent the plaintiff from discovering his alleged tort claim immediately following his conviction in 1973. Therefore, the doctrine of contra non valentem is not applicable in this case to suspend the running of prescription. Accordingly, the trial court correctly granted the exception of prescription in favor of the Ouachita Parish District Attorney's Office.
We further note that, even though not asserted by the district attorney's office an exception of no cause of action applies to the facts presented here and may be noticed by this court on its own motion. La. C.C.P. art. 927. The plaintiff complains of actions taken by the district attorney's office in prosecution of criminal charges against him. As a general rule, a district attorney is immune from civil liability for acts committed in the performance of his prosecutorial duties, absent allegations and proof of malice. Hill on Behalf of Hill v. Joseph, 94 1859 (La.App. 1st Cir. 5/5/95), 655 So.2d 486, writ denied, 95-1841 (La.11/3/95), 661 So.2d 1381. This immunity is derived from the doctrine of judicial immunity. When a district attorney acts in a judicial or quasi-judicial capacity, he enjoys essentially the same immunity from liability for damages that protects a judge. Foster v. Powdrill, 463 So.2d 891 (La.App. 2d Cir. 1985). Therefore, even if the plaintiff's action had been timely instituted against the district attorney's office, because the district attorney had immunity from prosecution under the facts presented, the plaintiff has failed to state a cause of action.

CLAIM AGAINST THE CITY OF MONROE
The plaintiff asserted in the trial court that the City of Monroe is liable for the acts of the district attorney's office and Judge Moore because the city derived some benefit from the fines collected by the clerk of court and the Sheriff of Ouachita Parish. The City asserted an exception of prescription which was correctly granted by the trial court.
As discussed above, the plaintiff attempts to assert a cause of action for violation of his civil rights and for injury under state law. Both causes of action are subject to the one year prescriptive period of La. C.C. art. 3492. As with the other defendants, McCoy has simply waited too long to file his claims in this matter.

ISSUES RAISED BY PLAINTIFF
As stated above, the plaintiff is proceeding pro se. Many of the assignments he raises are simply not applicable to the judgment which is the subject of this appeal. However, we have addressed those issues and reach the following conclusions.
The plaintiff argues that his criminal conviction is an absolute nullity so as to suspend or make prescription inapplicable. By this assignment of error, he argues the merits of his claim that his criminal conviction should be overturned due to the unlawful exclusion of women from the jury and "the unlawful exclusion of blacks to serve as Grand Jury Foreman and as a member." In support of this contention, the plaintiff cites La. C.C.P. arts.2001-2006, which provide a mechanism for attacking a civil judgment for nullity. The plaintiff seeks to use this procedure to attack his criminal conviction and sentence. The articles dealing with the nullity of a civil judgment have no application to the plaintiff's attack on his criminal conviction and sentence.
*1245 The plaintiff next cites La. Const. 1974 Art. 12, § 10 which provides:
Prescription shall not run against the state in any civil matter, unless otherwise provided in this constitution or expressly by law.
The plaintiff argues that under this provision, prescription does not run against the state. This argument is without merit. In Lincoln Parish School Board v. Ruston College, 162 So.2d 419 (La.App. 2d Cir. 1964), writ denied, 246 La. 355, 164 So.2d 354 (1964), this court considered a similar argument regarding a provision that was a precursor to the present La. Const.1974, Art. 12, § 10. This court held that while prescription does not run against the state, the provision does not prohibit the running of prescription in favor of the state. Further, we note that this argument has no application in the present case. The judgment appealed from does not concern the State of Louisiana in any capacity.
The plaintiff next cites us to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Yet, that case stands for the proposition that a claim under § 1983 is not an appropriate vehicle for challenging the validity of an outstanding criminal judgment. A defendant must first have his conviction overturned before he may properly bring a § 1983 claim for damages arising from that conviction.
The plaintiff next asserts that the trial court erred in failing to appoint counsel to represent him on his § 1983 claim. The trial court rejected the plaintiffs request for appointment of counsel on October 14, 1998. The judgment the plaintiff appealed from was signed December 18, 1998 and deals only with exceptions of prescription and no cause of action. The trial court's decision regarding appointment of counsel is not properly before this court for review.
The plaintiff argues that the trial court erred in failing to grant him declaratory and injunctive relief. In this assignment of error, the plaintiff again attempts to assert the merits of his claim that his conviction and sentence should be overturned. These claims must be raised in an application for post conviction relief and the time for filing such an application has expired under La.C.Cr.P. art. 930.8. This argument is not properly before this court for review and cannot be considered.

CONCLUSION
For the reasons stated above, we affirm the trial court judgment sustaining exceptions of no cause of action in favor of Judge Moore and the Ouachita Parish Police Jury and sustaining exceptions of prescription as to Jimmy Dimos, the Ouachita Parish District Attorney's Office, and the City of Monroe. All costs in this court and in the court below are assessed to the appellant, Billy Mac McCoy.
AFFIRMED.
APPLICATION FOR REHEARING
NORRIS, C.J., and WILLIAMS, GASKINS, CARAWAY, and DREW, JJ.
Rehearing Denied.
NOTES
[1] See State ex rel. McCoy v. Blackburn, 401 So.2d 972 (La.1981); State ex rel. McCoy v. Joyce, 567 So.2d 1121 (La.1990); State ex rel. McCoy v. Whitley, 597 So.2d 1021 (La.1992); State ex rel. McCoy v. Whitley, 93-2842 (La.6/28/96), 675 So.2d 1104, reconsideration denied, 93-2842 (La.1996), 682 So.2d 749. However, in State ex rel. McCoy v. State of Louisiana, 99-0617, (La.8/25/99), 747 So.2d 47, the Louisiana Supreme Court ordered the trial court to furnish the defendant with a copy of his indictment and the court minutes.
[2] The legislature also amended the murder statute to provide for first and second degree murder and the death penalty was made mandatory for first degree murder.
[3] Judge Moore was not the trial judge in McCoy's criminal conviction, but is simply the successor in office to that judge. However, Judge Moore has denied at least one of McCoy's applications for post conviction relief.
[4] Finley is now deceased.
[5] This claim does not appear to have been ruled upon in this case. No ruling regarding this claim against the Department of Corrections is contained in the judgment of December 18, 1998, which is the subject of the present appeal. Further, the Department of Corrections has made no appearance regarding this appeal. However, we note that the venue for claims against the Department of Corrections is only proper in the Nineteenth Judicial District Court. See La. R.S. 15:1171; Marler v. Petty, 94-1851 (La.4/10/95), 653 So.2d 1167.