824 So.2d 541 (2002)
Charles DEAL, Plaintiff-Appellant,
v.
Carol LEXING-POWELL, as Clerk for Monroe City Court, Francis Manning, Individually, Kasey Dunean, Individually, the Monroe City Clerk of Court Office and the City of Monroe, Defendants-Appellees.
No. 36,168-CA.
Court of Appeal of Louisiana, Second Circuit.
August 16, 2002.
*543 Charles Deal, In Proper Person, Appellant.
Watson, McMillan & Harrison by W. Michael Street, Monroe, for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
KOSTELKA, J.
Charles Deal ("Deal") appeals a summary judgment and an order sustaining a peremptory exception of no cause of action rendered by the Fourth Judicial District Court in favor of Carol Powell-Lexing ("Powell-Lexing")[1], individually, and in her capacity as Clerk of Monroe City Court, Frances Manning ("Manning"), individually, Kasey Dunean ("Dunean"), individually, and the Clerk of Monroe City Court Office (collectively, "appellees"). After a de novo review, we affirm the judgment sustaining the peremptory exception of no cause of action as to the appellees' respective individual liability, and we reverse and remand the summary judgment in favor of Powell-Lexing, in her capacity as Clerk of Monroe City Court and the Clerk of Monroe City Court Office.
Deal also appeals on behalf of CWD Investments, Inc. ("CWD"). We affirm the trial court's judgment and order as they pertain to CWD.

FACTS
Deal appears pro se in these proceedings. In late January, 1999, Citgo U-Pak-It ("Citgo") and Robert Claunch ("Claunch") filed two separate suits on open account in Monroe City Court against Deal.[2] Dunean and Manning, both deputy clerks in the Monroe City Court Clerk's Office ("Clerk's office"), assisted Claunch in the filing of said lawsuits. Each of the petitions filed by Claunch against Deal stated that Claunch "enjoy[ed] a Vendor's lien and privilege on the movable property described in the annexed documents" and sought a writ of sequestration. However, apparently, there were no such annexed documents. As a result of the lawsuits and the writs of sequestration issued by Dunean and Manning, certain equipment, records, computer systems and other property belonging to Deal and CWD, of which Deal was president, were seized.
Deal subsequently filed a Petition for Damages wherein he claimed that Dunean and Manning issued the writs of sequestration and seizure without requiring Claunch to post bond or "provide documentation of his claims." He further claimed that Powell-Lexing was negligent in failing to properly supervise Dunean and Manning, her employees, and that such negligence deprived him of his property rights. Further, he claimed that Powell-Lexing failed to properly qualify herself and her deputy clerks by obtaining a bond prior to undertaking their official duties, and, thus, they lacked official capacity to issue the writs of sequestration and seizure in this action. The trial court granted summary judgment in favor of the appellees (without issuing any reasons for judgment), which is the subject of this appeal. The trial court also entered an order sustaining appellees' exception of no cause of action on behalf of Powell-Lexing, *544 Manning and Dunean in their individual capacities. Further, appellees had filed various exceptions seeking to have CWD's Third Party Intervention dismissed. The trial court sustained the appellees' exception of no cause of action, dismissing CWD's claims. Said order is also the subject of this appeal by Deal.

DISCUSSION

Summary Judgment
First, Deal argues that the trial court erred in granting summary judgment dismissing his claims against the appellees.
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by law; the procedure is favored and must be construed to accomplish these ends. La. C.C.P. art. 966(A)(2); Yarbrough v. Federal Land Bank of Jackson, 31,815 (La.App.2d Cir.03/31/99), 731 So.2d 482. The motion should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Leckie v. Auger Timber Co., 30,103 (La.App.2d Cir.01/21/98), 707 So.2d 459. The burden of proof remains with the mover. La. C.C.P. art. 966(C)(2). When a motion is made and supported, as required by La. C.C.P. art. 966, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response must set forth specific facts showing a genuine issue for trial. Otherwise, summary judgment, if appropriate, shall be rendered against him. La. C.C.P. art. 967.
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Kennedy v. Holder, 33,346 (La.App.2d Cir. 05/10/00), 760 So.2d 587; Yarbrough, 731 So.2d at 487; Bockman v. Caraway, 29,436 (La.App.2d Cir.04/02/97), 691 So.2d 815.
In each of the lawsuits, Citgo and Claunch claimed (in a fill-in-the-blank form petition) to have sold Deal certain movable property according to sworn statements of accounts, which were allegedly attached to the respective petitions, but, apparently, were not. Additionally, they claimed to enjoy a vendor's lien over said movable property, which, according to the respective lawsuits, was described on an annexed document, but, apparently, no such document was attached. As prayed for, the Clerk's office issued two separate writs of sequestration based on the petitions. In suit number 99CV00134, the notice of seizure by the city marshal stated that "ALL MOVABLE PROPERTY" was seized. In suit number 99CV00136, the notice of seizure by the city marshal stated that he "seized taken [sic] into my possession the following described property, to-wit: OPEN SEQUESTRATION."
In the lawsuits, Citgo and Claunch were apparently seeking to assert rights pursuant to an alleged vendor's privilege against property purchased by Deal.[3] Under Louisiana law, the sale of a movable on credit entitles the vendor to a privilege on the thing sold to the extent of the unpaid purchase price so long as the movable remains in the vendee's possession. La. C.C arts. 3217, 3227; see also, Justice v. Caballero, 393 So.2d 866 (La. *545 App. 4th Cir.1981). The vendor's privilege on movables exists against the property sold as a substantive right incident to the contract of sale. The remedy afforded by this privilege is the right to obtain a writ of sequestration and seize the property if the purchaser defaults in his payment. Id.
Louisiana C.C.P. art. 3571 states:
When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property... or remove the property from the parish, during the pendancy of the action.
Further, La. C.C.P. art. 3501 states:
A writ of attachment or sequestration shall issue only when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent.
. . . .
In this case, it appears from the record that neither of the lawsuits had any list or description of the movable property which was the subject of the writs of sequestration. Neither does it appear that the petition was verified or an affidavit attached attesting to the veracity of the allegations. When the deputy clerks received the petitions of Citgo and Claunch with no attachments, which requested that writs of sequestration be issued and movable property seized, the obvious question would seem to be, "What property do we sequester?" At that point, it would be incumbent upon the deputy clerks not to move ahead mindlessly in issuing the writs of sequestration, but to further question the procedural propriety of the issuance. We recognize that a city court clerk's office receives a vast number of filings; however, there must be some minimal expectation of attentiveness to that which is being filed. To require that a deputy clerk note whether or not the petitioner has given that office a description of property to be seized is certainly not an onerous burdenespecially when such a harsh remedy as seizure of property is considered. Here, whether sufficient or any description of the property subject to the vendor's liens was attached to the petitions (and the record suggests not, in that there appears to be no description of the property attached to either lawsuit) is certainly a material question of fact to be addressed in a trial on the merits. Such a question goes to the heart of the issue of whether the Clerk's office and deputy clerks were negligent in carrying out their official duties. So considering, and as will be hereinafter shown, summary judgment in favor of Powell-Lexing, in her capacity as Clerk of Monroe City Court and the Clerk of Monroe City Court Office, was improper due to the existence of a disputed material fact. Moreover, as the discussion that follows will show, the motion for summary judgment, as it pertains to the appellees in their individual capacities, need not be addressed herein.

Exception of No Cause of Action Regarding Individual Liability
Deal also claims that the trial court erred in granting the appellees' exception of no cause of action regarding their individual liability.
The exception of no cause of action is a peremptory exception, intended to test the legal sufficiency of the petition. La. C.C.P. art. 927. It is tried only on the face of the pleadings; generally, it must be *546 overruled unless the allegations in the petition exclude every reasonable hypothesis other than the premises on which the defense is based, i.e., unless the plaintiff has no cause of action under any evidence admissible under the pleadings. McCoy v. City of Monroe, 32,521, 32,522 (La.App.2d Cir.12/08/99), 747 So.2d 1234, writ denied, XXXX-XXXX (La.03/30/01), 788 So.2d 441; Steed v. St. Paul's United Methodist Church, 31,521 (La.App.2d Cir.02/24/99), 728 So.2d 931, writ denied, 99-0877 (La.05/07/99), 740 So.2d 1290.
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. McCoy, supra; Barr v. Hathaway, 32,192 (La.App.2d Cir.08/18/99), 747 So.2d 99. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. McCoy, supra; Barr, supra.
In reviewing a trial court's ruling sustaining an exception of no cause of action, the reviewing court should subject the case to de novo review because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. McCoy, supra.
Appellees argue that Deal failed to state a cause of action because the city court clerk and her deputies cannot be held personally liable in carrying out their official duties.
Individual clerks in a clerk of court's office are not personally liable when performing their official duties, and such duties are carried out in good faith and without malice. Bulot v. Justice, 524 So.2d 269 (La.App. 5th Cir.1988). Loe v. Whitman, 87 So.2d 217 (La.App. 2d Cir. 1956).
However, Deal has alleged that the city clerk and her deputies failed to post a bond pursuant to La. R.S. 13:1886, which states as follows:
The clerk shall be a qualified elector of the state. Before entering upon the discharge of his duties the clerk shall give bond in favor of the city judge in an amount to be fixed by him at not less than one thousand dollars conditioned for the faithful performance of his duties and for the discharge of all claims incurred against him in his official capacity. This bond may be sued upon by any person damaged in any way by the fault of the clerk in the discharge of his official duties. (Emphasis added).
Although Powell-Lexing, Manning and Dunean may not have posted a bond as alleged by Deal (the record does not reflect that they did), the failure to do so would not result necessarily in the appellees being individually liable. Whereas, Deal would have a cause of action against a bond posted by the appellees if such existed pursuant to the statute, in the absence of such, his cause of action would then lie against the office of the city clerk and not against the clerk and her deputies in their individual capacities. Pursuant to La. R.S. 13:1886, such a bond is to protect a city court clerk "for the discharge of all claims incurred against him in his official capacity." Having such a bond in place protects the office from exposure resulting from damages caused by actions of the clerk's office. It follows, then, that in the absence of such a bond, the clerk's office is exposed but not the individual employees in their personal capacities. So finding, Deal, without allegations of bad faith and malice by the appellees, cannot have a cause of action against Powell-Lexing, Manning and Dunean in their individual capacities, and the exception of no cause of action in their individual favor was proper.

*547 Dismissal of CWD Investments, Inc.

During the course of the proceedings in the trial court, CWD intervened claiming that its property was seized unlawfully as a result of the lawsuits against Deal. CWD was not represented by a licensed Louisiana attorney but was represented by Deal. The appellees brought a dilatory exception of unauthorized practice of law against CWD (as well as various other exceptions, including a peremptory exception of no cause of action), claiming that as a legal entity, CWD had the right to bring suit in its own name, but that it should not be allowed to be represented in the litigation by Deal, a non-lawyer. The order issued by the trial court notes the exceptions that were directed against CWD's Third Party Intervention and sustained the exception of no cause of action, resulting in the dismissal of CWD's intervention.
Although the trial court's order does not base its dismissal of CWD on the exception of unauthorized practice of law, Deal has appealed the order, arguing only that issue. Considering that Deal has failed to address the proper issue of the trial court's order, we will not address his inapplicable assignment of error. He has failed to assign error to the trial court's order sustaining the exception of no cause of action, and his argument regarding the issue of his unauthorized practice of law has no bearing in this appeal. Therefore, we will not address this assignment of error raised by Deal.
Moreover, we question the propriety of Deal appealing an order pertaining to the rights of another party, i.e., the trial court's order dismissed the claims of CWD, which would be the proper party to appeal the disposition. Deal also raises an assignment of error regarding the grant of summary judgment dismissing the claims of CWD as intervenor. Likewise, as to that judgment, Deal is not the proper party to bring an appeal of CWD's dismissal. As a distinct legal entity, CWD must bring its own appeal. The appeal by Deal of an order and judgment dismissing the claims of CWD is of no legal effect. See, Price v. Taylor, 139 So.2d 230 (La.App. 1st Cir. 1962).
Finally, even if we were to allow Deal to bring an appeal on behalf of CWD on these issues, he would be representing CWD in the appeal, and, thus, carrying on the unauthorized practice of law. The performance of any act in connection with proceedings before a court of law in a representative capacity is within the definition of the practice of law contained in La. R.S. 37:212, and only a duly licensed person may engage in the practice of law according to the provisions of La. R.S. 37:213. Price, supra.
Pursuant to La. R.S. 37:212(A)(1), the practice of law is defined as acting "[i]n a representative capacity, the appearance as an advocate, or the drawing of papers, pleadings or documents, or the performance of any act in connection with pending or prospective proceedings before any court of record in this state." Such action by Deal, who has not been licensed and admitted to practice law by the Louisiana Supreme Court, is improper under La. R.S. 37:213.

CONCLUSION
For the foregoing reasons, the order of the trial court sustaining the appellees' peremptory exception of no cause of action against Carol Powell-Lexing, Frances Manning and Kasey Dunean in their individual capacities is affirmed. As to Carol Powell-Lexing, in her capacity as Clerk of Monroe City Court and the Clerk of Monroe City Court Office, the summary judgment in their favor is reversed and the matter remanded for further proceedings. The judgment and order dismissing the *548 claims of CWD Investments, Inc. are affirmed.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
WILLIAMS, J., concurs with written reasons.
WILLIAMS, Judge, concurring.
I respectfully concur. I write separately to point out that LSA-R.S. 13:1886 does not provide a remedy for the situation where a city court clerk has not posted the required bond. Pursuant to Section 1886, a claim against the bond is the sole relief provided to a person damaged by the city court clerk's performance of her official duties.
Consequently, I cannot join in the majority's assumption that in the absence of such a bond, an injured party would then have a claim against the city court clerk's office based on her official acts under the statute. The language of Section 1886 simply does not afford such a remedy.
I would caution against any judicial attempt to create a remedy which is not expressly available in the provisions of the statute. To the extent that a gap in the law exists, that is a situation for the Legislature to address. Until there is further legislative guidance concerning the consequences of a clerk's failure to post a bond, an injured party's remedy may well be limited to an action against the creditor wrongfully seeking a writ of sequestration, rather than a suit against the city court clerk's office and its employees. See Moses v. American Sec. Bank of Ville Platte, 222 So.2d 899 (3rd Cir.1969).
NOTES
[1] This case was styled "Carol Lexing-Powell," but the name, "Carol Powell-Lexing," appears throughout the record.
[2] Those lawsuits were numbered 99CV00134 and 99CV00136 (collectively referred to herein as the "lawsuits").
[3] Citgo and Claunch amended the lawsuits later, admitting they did not have a vendor's privilege over Deal's movable property. The amended petitions sought money judgments and damages.