945 So.2d 100 (2006)
Arthur MAJOR, III
v.
J. David PAINTER, John and/or Joan Doe; and, XYZ Insurance Company.
No. 06-CA-470.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 2006.
*101 Arthur Major, III, I.P.P., Kinder, Louisiana, In Proper Person.
Charles C. Foti, Jr., Attorney General, David G. Sanders, Patricia H. Wilton, Assistant Attorneys General, Baton Rouge, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, CLARENCE E. McMANUS and EDWARD A. DUFRESNE, Jr.
CLARENCE E. McMANUS, Judge.

STATEMENT OF THE CASE
On March 12, 2002, Arthur Major, III, was found guilty of possession of cocaine in excess of 400 grams, following a jury trial in the 16th Judicial District Court in St. Martin Parish. He was sentenced to 40 years at hard labor. The Third Circuit Court of Appeal reversed his conviction and sentence. State v. Major, 03-249 (La. App. 3rd Cir.10/8/03), 857 So.2d 1252. That opinion was authored by Judge Billie Colombaro Woodard. The Louisiana Supreme Court then reversed the decision of the Third Circuit and remanded the case for further review. State v. Major, 03-3522 (La.12/1/04), 888 So.2d 798. When the matter was remanded to the Third Circuit by the Louisiana Supreme Court, Judge David Painter had replaced Judge Woodard on the Third Circuit Court of Appeal, having defeated her in the election. On remand, the Third Circuit, with Judge Painter as the author of the opinion, imposed a fine and affirmed Major's conviction.
*102 On March 9, 2005, Major filed a Petition for Damages in the 14th Judicial District Court naming J. David Painter, individually, John and/or Jane Doe, and XYZ Insurance Company as defendants. Major claimed he was entitled to damages for mental distress because of Judge Painter's actions during his campaign for election to the Third Circuit Court of Appeal. Major asserted that Judge Painter ran campaign advertisements, during the time his appeal to the Louisiana Supreme Court was pending, that influenced the outcome of his case. The campaign ad stated "Billie Woodard is feeling the heat. Her record is flawed and the public has a right to know." The ad also stated that "Billie Woodard says she is tough on crime, but in State v. Major, (857 So.2d 1252), a criminal was convicted for possessing 400 grams of cocaine. She reversed the convictions because she could not connect the cocaine to the defendant even though it was found in the dashboard of his car."
In his petition, Major claimed Judge Painter should have recused himself from the case when it was remanded to the Third Circuit from the Louisiana Supreme Court. Major claims the campaign advertisements influenced Judge Painter's decision on remand and he violated Canons 3 and 7 of the Canons of Judicial Ethics when he did not recuse himself.
By motion of the court, all judges of the 14th Judicial District Court were recused because Judge Painter was a former chief judge of that court and currently sits on the Third Circuit Court of Appeal, which has appellate jurisdiction over the 14th Judicial District Court. Judge Ted Broyles was appointed ad hoc judge by the Louisiana Supreme Court to preside over this case.
Judge Painter filed an Exception of No Cause of Action and No Right of Action arguing Major failed to state a cause of action for which relief could be granted because Judge Painter is entitled to absolute judicial immunity and Major has no right of action because he lacked standing to assert claims regarding judicial campaigns. The exceptions were submitted to the trial court by brief only. On March 24, 2006, the trial court executed Written Reasons Sustaining Exception, sustaining both the exception of no cause of action and the exception of no right of action. The trial court pointed out that Major seems to have alleged two things in his petition: 1) criticism for the type of campaign Judge Painter conducted against Judge Woodard, and 2) that Judge Painter should not have participated in the case on remand and he violated the Canons of Judicial Ethics.
The trial court found that Major would not be the proper party plaintiff, even if one concluded Judge Painter ran a vicious or unworthy campaign. In addition, the trial court found that Judge Painter is entitled to absolute immunity in the performance of judicial acts, with regards to Major's claim that Judge Painter should not have acted in his case on remand. The trial court also noted that considering all circumstances, amendment of the petition will not be permitted. Judgment was signed by the trial court on April 26, 2006 granting Judge Painter's Peremptory Exception of No Right of Action and Peremptory Exception of No Cause of Action, dismissing all claims against Judge Painter.
Major now appeals the trial court's granting of the exceptions. For the reasons discussed below, we affirm the trial court's decision.

DISCUSSION
In the trial court, Judge Painter filed an exception of no cause of action, which is a peremptory exception, intended to test the legal sufficiency of the petition. *103 La. C.C.P. art. 927. An exception of no cause of action should be tried only on the face of the pleadings. McCoy v. City of Monroe, 32,521 (La.App. 2 Cir. 12/8/99), 747 So.2d 1234, 1240, writ denied, 00-1280 (La.3/30/01), 788 So.2d 441. The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. Id., citing Barr v. Hathaway, 32,192 (La. App.2d Cir.8/18/99), 747 So.2d 99. The court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the non-moving party. Id., citing Barr v. Hathaway, supra.
The appellate court should subject the case to de novo review when reviewing a trial court's ruling sustaining an exception of no cause of action, because the exception raises a question of law and the lower court's decision is based solely on the sufficiency of the petition. Id., citing Barr v. Hathaway, supra.
In this case, Major's petition for damages, presents allegations against Judge J. David Painter, a judge of the Third Circuit Court of Appeal. The United States Supreme Court has recognized a long history of judicial immunity and its importance in protecting judges from vexatious actions prosecuted by disgruntled litigants. McCoy v. City of Monroe, supra, citing Forrester v. White, 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988). A judge is entitled to absolute immunity where he performs "judicial" acts. Id, citing Moore v. Taylor, 541 So.2d 378 (La. App. 2d Cir.1989). A judge, in whatever status in the judicial hierarchy, is immune from suit for damages resulting from any act performed in the judicial role. Id.
Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. McCoy, supra. A judge may not be cast for damages for his errors unless he has acted outside his judicial capacity. Id., citing Moore v. Taylor, supra. Therefore, in order for a plaintiff to state a cause of action against a Judge, the plaintiff must allege facts showing not only malice and corruption, but also that the Judge acted beyond his jurisdiction or outside his judicial capacity.
In this case, Major has alleged that Judge Painter's political ads were defamatory and he violated judicial ethics by participating in his case on remand to the Third Circuit Court of Appeal. Both of these allegations involve acts within Judge Painter's capacity as a judge. Therefore, Judge Painter would be protected by judicial immunity. We find the trial court correctly found that Major's allegations did not involve acts performed outside of Judge Painter's capacity as a judge. Therefore, we find his petition does not state a valid cause of action and Judge Painter's exception of no cause of action was properly granted.
In addition, the trial court properly granted Judge Painter's exception of no right of action with regards to Major's allegations that Judge Painter's political ads were defamatory. We find that Major is not the proper party plaintiff to institute an action against Judge Painter with regards to his political campaign.
Accordingly, we affirm the trial court's judgment granting Judge Painter's exceptions of no cause of action and no right of action and dismissing all claims of Major against Judge Painter.
AFFIRMED.