PITMAN, J.
| ,In these consolidated cases, Plaintiffs Sharon Anderson and Carl Anderson, et al., and James Waggoner and Colleen Waggoner, et al., appeal the trial court’s granting of an exception of no cause of action filed by Defendants Bossier Parish Police Jury, Office of the Bossier Parish Engineer, Joseph “Butch” Ford, Jr., in his capacity as Bossier Parish Engineer, and Owen & White, Inc.[1] For the following reasons, we affirm.

FACTS

This case previously came before this court on an exception of prescription in Anderson v. Bossier Parish Police Jury, 45,639 (La.App.2d Cir.12/15/10), 56 So.3d 275. In that case, this court set forth the facts of this case and the arguments in Plaintiffs’ petitions as follows:
The plaintiffs in docket number 45,639 [49,471] are residents of Pecan Grove, a manufactured housing subdivision. The plaintiffs in docket number 45,829 [49,- *552 472] are residents of Shadow Ridge Estates, a housing subdivision. Both subdivisions are located in Bossier Parish close to Red Chute Bayou. These cases arise from the enactment by the Bossier Parish Police Jury of an ordinance which became effective on September 3, 2008, adopting recommendations by the Federal Emergency Management Agency (“FEMA”) and placing portions of the plaintiffs’ property in the floodway of Red Chute Bayou rather than in the flood zone as they were previously classified. In a flood zone, the foundations of buildings must be placed a certain distance above the base flood, elevation. However, because the property is now classified as being in the floodway, encroachments are prohibited, including fill, new construction, substantial improvements, and other developments unless the owners obtain a costly “No Rise” certificate from the parish stating that the proposed work on the property will not result in any increase in the flood levels within the community during the occurrence of the base flood discharge. The plaintiffs in both suits filed their claims in the trial court on August 28, 2009, within one year of the passage of the Bossier Parish ordinance, | alleging that they did not receive proper notice of the change in classification affecting their property and that they have suffered damages as a result of the reclassification of their property.
The Pecan Grove plaintiffs’ suit was filed individually and on behalf of a class of similarly situated persons. They alleged that Bossier Parish commissioned a study in 2000 by the engineering firm of Owen & White, Inc. to comply with a FEMA request for redrawing or remapping of flood zones and floodways, in order to meet FEMA regulations regarding the purchase by landowners of flood insurance through the National Flood Insurance Program (“NFIP”). In March 2004, FEMA gave the Flood Insurance Study (“FIS”) and the Flood Insurance Rate Map (“FIRM”) to the Bossier Parish engineer. In May 2004, the parish engineer presented the documents to the Bossier Parish Police Jury....
FEMA placed notices of the proposed changes in the base flood elevation affecting areas including Red Chute Bayou in the Bossier Press Tribune on April 28, 2006, and May 5, 2006. FEMA provided information to the Bossier Parish Police Jury that a 90-day appeal period was in effect after the second publication in which any owner or lessee of property in the community who believed his or her property rights would be adversely affected by the base flood elevation determinations could appeal to the Bossier Parish Police Jury. No appeals were taken.
As required by federal regulations in order to qualify for flood insurance, the Bossier Parish Police Jury enacted ordinance number 4241(A) which became effective on September 3, 2008, adopting the FIS and FIRM submitted by FEMA. The effect of the ordinance was to place the Pecan Grove and Shadow Ridge Estates in the floodway instead of the flood zone. The Pecan Grove plaintiffs filed suit on August 28, 2009, claiming that they were deprived of their due process rights because they were not given proper notice of the FIS or FIRM and were not informed of the 90-day period to appeal the adoption of the FIRM in 2006. They sought damages for the taking of their property without just compensation, diminution in value of the property, increase in the cost of flood insurance, if available, expenses of moving manufactured homes, loss of the value of improvements, loss of mortgage *553 loans, increase in interest rates, loss of insurable value of property, loss of use and/or enjoyment of property and general damages including mental and emotional distress, embarrassment and humiliation.
|sThe Shadow Ridge plaintiffs also filed suit on August 28, 2009, for damages and for certification as a class action, essentially pleading the same facts as the Pecan Grove plaintiffs. Additionally, they alleged that in July 1993, James Bruce Waggoner and Colleen Waggoner bought a lot in Shadow Ridge, built a house, and have lived there since that time. In October 2004, the Waggoners purchased additional lots with the intention of developing the subdivision. Beforehand, in May 2004, Mr. Waggoner inquired of the parish engineer, Mr. Ford, regarding the requirements for developing the lots. He was not given any information about the new FIS report, the proposed FIRM, or the changes that would occur with the adoption of the FIRM. Mr. Waggoner began selling lots in December 2004. Permits were issued and new construction and improvements were made until the adoption of the ordinance which became effective September 3, 2008.
The Shadow Ridge plaintiffs claimed that the FEMA announcement published in the Bossier Press Tribune did not provide notice of the change in the status of the property being placed in the floodway. They alleged that after the passage of the ordinance, it had been shown that some or all of Shadow Ridge is above the base flood elevation for the 100-year flood and should not have been included in the floodway.
The Shadow Ridge plaintiffs also alleged that they were deprived of their due process rights under the United States and Louisiana constitutions in that they did not receive due process and proper notification of the proposed change in the status of the property and they did not have the proper opportunities to appeal the proposed change. Further, they claimed that the defendants negligently failed to determine whether Shadow Ridge and/or any and all parts thereof should actually be placed in the floodway by failing to make a proper investigation by survey, field study, or other means. They sought damages for the taking of their property without just compensation, diminution in value of the property, increase in the cost of flood insurance, if available, loss of mortgage loans, increase in interest rates, loss of insurable value of property, loss of use and/or enjoyment of property and general damages including mental and emotional distress, embarrassment and humiliation.
In both cases, the defendants filed exceptions of prescription and' no cause of action.
[[Image here]]
The Pecan Grove case was assigned to a judge of the Twenty-Sixth Judicial District Court. The exceptions were submitted on briefs. On February 4, 2010, the trial court issued 14a judgment granting the exception of prescription and dismissing the claims of the Pecan Grove plaintiffs. In written reasons for judgment, the trial court stated that constructive notice was received by the plaintiffs on the date of the second publication by FEMA in the Bossier Press Tribune and that the appeal process began to run after that. The court found that the matter had prescribed; the exception of prescription filed on behalf of the defendants was granted. Because the trial court granted the exception of prescription, it found that there was no *554 need to address the exception of no cause of action.
The Shadow Ridge case was assigned to a different judge of the Twenty-Sixth Judicial District Court. A hearing on the exceptions of prescription and no cause of action was heard in that matter on February 22, 2010.
[[Image here]]
On March 23, 2010, the trial court in the Shadow Ridge case signed a judgment granting the defendants’ exception of prescription. The trial court’s reasons for judgment are essentially identical to those handed down by the trial court in the Pecan Grove case.
Plaintiffs in both cases appealed. This court granted a motion to consolidate the two cases on appeal.
In Anderson v. Bossier Parish Police Jury, supra, this court reversed the judgments of the trial judges granting the exceptions of prescription and determined that Plaintiffs’ claims had not prescribed. This court remanded the consolidated matter to the trial court for further proceedings.[2]
- On August 16, 2018, Defendants filed an answer and affirmative defenses in response to Plaintiffs’ 2009 petitions. Defendants stated that Plaintiffs failed to state a cause of action against Defendants because Defendants enjoy discretionary function immunity pursuant to La. R.S. 9:2798.1. In the alternative, Defendants denied the allegations within Plaintiffs’ petitions, denied liability and pled all rights and defenses under |5the provisions of La. R.S. 9:2798.1, 38:84, et seq., and 33:1236, et seq. Defendants also asserted that Plaintiffs failed to meet the class certification requirements of La. C.C.P. art. 591.
On August 21, 2013, Defendants filed a peremptory exception of no cause of action. In this exception, Defendants repeated their argument that Plaintiffs failed to allege any fact or law that overcomes the discretionary function immunity granted to Defendants in La. R.S. 9:2798.1.
On October 1, 2013, Plaintiffs filed a memorandum in opposition to Defendants’ exception of no cause of action. Plaintiffs stated that the La. R.S. 9:2798.1 immunity asserted by Defendants adopts the discretionary function doctrine and not an absolute immunity or a public duty doctrine. Plaintiffs argued that the limited immunity provision protects Defendants only from suit for certain discretionary policymaking actions and is not applicable to their suit for damages.
On November 4, 2013, Defendants filed a reply to Plaintiffs’ opposition memorandum and asserted that Plaintiffs failed to state a cause of action because Defendants owed no duty to Plaintiffs to provide them with notice of FEMA’s determination, to investigate and report FEMA findings and/or to change permit and inspection procedures prior to enacting an ordinance adopting FEMA’s determination. Defendants further argued that they acted as the law required in passing the ordinance.
On December 11, 2013, Plaintiffs filed a response memorandum in opposition to Defendants’ exception of no cause of action. Plaintiffs stated that Defendants’ arguments that the NFIP placed duties only on the national 1 (¡government and that they reasonably performed their obligations did not meet Defendants’ burden of proving their immunity.
On January 24, 2014, the trial court filed an opinion/order granting Defendants’ peremptory exception of no cause of action.
*555 The trial court found that actions of Defendants fell within the discretionary function exception of La. R.S. 9:2798.1, noting that it was not of the opinion that the flood program, as contemplated by Congress, served to place additional duties on Defendants, as suggested by Plaintiffs. It further determined that Plaintiffs had not alleged any acts or omission not reasonably related to the legitimate governmental objective for which the policymaking or the discretionary power exists or that constitute criminal, fraudulent, malicious, intentional, willful or outrageous conduct.
On February 14, 2014, the trial court filed a judgment dismissing Plaintiffs’ claims with prejudice.
Plaintiffs appeal.

DISCUSSION

No Cause of Action and La. R.S. 9:2798.1 Immunity

In their first assignment of error, Plaintiffs argue that the trial court erred in granting Defendants’ exception of no cause of action and in dismissing their claims with prejudice. Plaintiffs assert that they have stated a cause of action and at trial could show that Defendants did not act for policymaking reasons and did not have discretion to fail to comply with FEMA’s minimum requirements and regulations and with their own ordinance. They contend that, based on the mere allegations of the | ./petitions, it was reversible error for the trial court to conclude that La. R.S. 9:2798.1 provides immunity to Defendants and grant the exception of no cause of action.
Defendants argue that the trial court correctly concluded that Plaintiffs’ allegations do not state a cause of action. Defendants contend that the law does not afford any remedy to Plaintiffs because Plaintiffs are unable to provide any fact or law that overcomes the immunity granted in La. R.S. 9:2798.1.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. La. C.C.P. art. 927; City of New Orleans v. Board. of Comm’rs of Orleans Levee Dist., 98-0690 (La.7/5/94), 640 So.2d 287; McCoy v. City of Monroe, 32,521 (La.App.2d Cir.12/8/99), 747 So.2d 1234, writ denied, 788 So.2d 441 (La.2001). The exception is triable on the face.of the papers, and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans, supra; McCoy, supra. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.
When an exception of no cause of action is based on an affirmative defense, the exception must be overruled “unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based.” Owens v. Martin, 449 So.2d 448 (La.1984), quoting Haskins v. Clary, 346 So.2d 193 (La.1977).
|sIn reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal should subject the case to de novo review because the exception raises a question of law and the lower court’s decision is based only on the sufficiency of the petition. City of New Orleans, supra.
La. R.S. 9:2798.1, the discretionary immunity statute, states:
A. As used in this Section, “public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instru-mentalities, officers, officials, employees, *556 and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.
B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.
C. The provisions of Subsection B of this Section are not applicable:
(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policy-making or discretionary power exists; or
(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.
D. The legislature finds and states that the purpose of this Section is not to reestablish any immunity based on the status of sovereignty but rather to clarify the substantive content and parameters of application of such legislatively created codal articles and laws and also to assist in the implementation of Article II of the Constitution of Louisiana.
|9In Cormier v. T.H.E. Ins. Co., 98-2208 (La.9/8/99), 745 So.2d 1, the Louisiana Supreme Court explained the discretionary immunity doctrine as follows:
Generally, “Discretionary Immunity” under La.Rev.Stat. 9:2798.1 applies to specific fact situations which satisfy the rule enunciated in Berkovitz v. United States, 486 U.S. 531, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988). Under Berlcovitz, the court must first consider whether the government employee had an element of choice and his course of action was not specifically prescribed by the statute, regulation, or policy. Conduct cannot be discretionary unless it involves an element of judgment or choice. Id. at 1958. Thus, discretionary immunity will not apply when a specific course of action is prescribed as the employee has no rightful option but to adhere to the directive. Id. On the other hand, when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception: one grounded in social, economic, or political activity. Fowler v. Roberts, 556 So.2d 1 (La.1989); Kniepp v. City of Shreveport, 609 So.2d 1163 (La.App. 2 Cir.1992), writ den. 613 So.2d 976 (La.1993); Rick v. State Dep’t of Transp., 93-1776, 93-1784 (La.1/14/94); 630 So.2d 1271. If it is, then the doctrine applies and the employee or agency is insulated from liability; if it is not, the employee or agency is liable for any negligence. Simeon v. Doe, 618 So.2d 848 (La.1993).
Applying the law concerning no cause of action and discretionary function immunity to the facts of the case sub judice, we find that Plaintiffs failed to allege any acts or omissions by Defendants not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists. Plaintiffs alleged that Defendants deprived them of their due process rights because they did not receive proper notification of the proposed change in the status of their property and they did not have the proper opportunities to appeal the proposed change. These allegations concern the actions or omissions by Defendants arising within the course and scope of their lawful powers and duties. Plaintiffs have not alleged that |inany of the actions by Defendants occurred outside their duties connected with their official function. Furthermore, *557 Plaintiffs did not allege any acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct.
Defendants are immune from suit pursuant to La. R.S. 9:2798.1; and, therefore, the trial court did not err in granting Defendants’ exception of no cause of action. Accordingly, this assignment of error is without merit.

Assignments of Error Two Through Four

The remaining assignments of error are all predicated on Plaintiffs’ argument that the trial court erred in granting Defendants’ exception of no cause of action. Considering this court’s foregoing determination that Defendants are immune from suit pursuant to La. R.S. 9:2798.1 and, therefore, that the exception of no cause of action was proper in this case, we preclude discussion of Plaintiffs’ remaining assignments of error.

CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the exception of no cause of action in favor of Defendants Bossier Parish Police Jury, Office of the Bossier Parish Engineer, Joseph “Butch” Ford, Jr., in his capacity as Bossier Parish Engineer, and Owen & White, Inc., and against Plaintiffs Sharon Anderson and Carl Anderson, et al., and James Waggoner and Colleen Waggoner, et al., is affirmed. Costs of appeal are assessed to Plaintiffs.
AFFIRMED.

. On December 23, 2009, this suit was dismissed as against Owen & White, Inc.

. We note that, in 2012, the maps were redrawn after a survey was conducted. Plaintiffs' property is no longer located in a flood-way.