**<u>NOT DESIGNATED FOR PUBLICATION</u>**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2020 CA 0668

MARCO BUCKLEY, AS THE REPRESENTATIVE OF THE MINOR J.B.

VERSUS

TANGIPAHOA PARISH SCHOOL SYSTEM

Judgment rendered: **FEB 0 1 2021**

* * * * *

On Appeal from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
No. 2019-0002546, Div. "F"

The Honorable Elizabeth P. Wolfe, Judge Presiding

* * * * *

Parker Hutchinson                    Attorneys for Plaintiff/Appellant
Ravi K. Sangisetty                   Marco Buckley
New Orleans, Louisiana


Christopher M. Moody                 Attorneys for Defendant/Appellee
Albert D. Giraud                     Tangipahoa Parish School System
Hammond, Louisiana


* * * * *

Penzato, J. concurs. (by mm)


**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**HOLDRIDGE, J.**

Plaintiff, Marco Buckley, appeals a judgment sustaining the peremptory exception raising the objection of no cause of action and dismissing, with prejudice, his claims against defendant, Tangipahoa Parish School System, for injuries to his minor child from a teacher's allegedly tortious actions. For the reasons that follow, we reverse the judgment and remand this matter.

## FACTUAL AND PROCEDURAL HISTORY

On August 20, 2019, Marco Buckley ("Buckley") filed suit on behalf of his minor child, J.B., seeking to recover damages from Tangipahoa Parish School System ("TPSS"). The facts, as alleged by Buckley's petition, are as follows. TPSS employed Jeremy Owens as a teacher at Loranger High School for the 2018-2019 school year. On the morning of February 6, 2019,[1] J.B. was a student in Owens's class when another student threw a bottle or cup in the classroom. Owens apparently believed that J.B. threw the bottle or cup and told J.B. to pick it up. J.B. responded by telling Owens that he did not throw the object and identifying the student who threw the object. Owens then disputed J.B.'s response and told J.B. to "go outside."

While walking to the classroom door, which was closed, Owens pushed J.B. from behind into the classroom door, causing J.B. to hit his head on the door. J.B. then opened the door and Owens pushed him through the doorway. Owens then told J.B. that he would "mess him up." J.B. was not permitted to see a nurse or other health care provider at the school, nor was he permitted to contact his parents for hours. When J.B.'s parents were eventually notified of his injury, they brought him to the emergency department at North Oaks Medical Center for treatment. He was diagnosed with a concussion, which required treatment for several months.

---

[1] The reference to February 6, 2016, in the petition appears to be a typographical error.

Buckley alleged that Owens's actions against J.B. constituted battery and assault. Regarding the battery claim, Buckley alleged that Owens intentionally pushed J.B. into the door, causing his head to hit the door and J.B. to suffer a concussion. Regarding the assault claim, Buckley alleged in the petition that Owens told J.B. that he would "mess him up" after pushing him. Buckley further alleged that this statement caused fear in the then-fifteen-year old J.B., who was a first-year student at the school, for which he sought counseling and professional treatment. Additionally, Buckley alleged that Owens's intentional acts were rooted in a disciplinary function and therefore were employment-related. As a result, Buckley alleged that TPSS was vicariously liable for Owens's intentional acts causing J.B. injury.

Finally, Buckley alleged that TPSS acted negligently in hiring Owens. In support of this allegation, Buckley alleged that TPSS owed a duty to its students to protect them from adults with a propensity for violence and violent threats toward students, which it breached by employing and retaining Owens. Buckley claimed that TPSS had actual or constructive knowledge of Owens's propensity for violence towards students based on multiple verbal altercations with and threats to students at Loranger High School during the 2018-2019 school year of which the school principal and assistant principal were aware. Buckley also alleged that Owens had a disciplinary history at Tangipahoa Alternative Solutions Program, a school within TPSS where Owens had also worked.

TPSS responded to Buckley's petition by filing a peremptory exception raising the objection of no cause of action. Concerning the battery and assault claims in the petition, TPSS contended that it should not be vicariously liable because Owens's actions were intentional and not employment-related. As to the negligent hiring claim in the petition, TPSS contended that it was immune from liability pursuant to La. R.S. 9:2798.1, which provides immunity to governmental

3

agencies for discretionary acts within the course and scope of its lawful powers and duties.

The trial court heard the matter and granted TPSS's peremptory exception raising the objection of no cause of action. The trial court signed a judgment on November 25, 2019, wherein it dismissed Buckley's suit with prejudice based on its grant of the peremptory exception raising the objection of no cause of action. From this judgment, Buckley has appealed.

## LAW AND DISCUSSION

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. **Reyer v. Milton Homes, LLC**, 2018-0580 (La. App. 1 Cir. 2/25/19), 272 So.3d 604, 607. The burden of demonstrating that the petition states no cause of action is upon the mover. **Id**. Peremptory exceptions raising the objection of no cause of action present legal questions, which are reviewed using the *de novo* standard of review. **Id**. The court reviews the petition and accepts well-pleaded allegations of fact as true. **Id**. Notably, however, conclusions of law asserted as facts are not considered well-pled allegations of fact, and the correctness of those conclusions is not conceded. **Hooks v. Treasurer**, 2006-0541 (La. App. 1 Cir. 5/4/07), 961 So.2d 425, 429, writ denied, 2007-1788 (La. 11/9/07), 967 So.2d 507. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La. C.C.P. art. 931.

A petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of any claim which would entitle him to relief; the question therefore is whether, in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. **Collins v. State**

4

**ex rel. Department of Natural Resources**, 2012-1031 (La. App. 1 Cir. 5/30/13), 118 So.3d 43, 46.

On appeal, Buckley contends that the trial court erred in sustaining the peremptory objection raising the exception of no cause of action as to his intentional torts claims and his negligent hiring claim. As to Buckley's intentional torts claims, they are premised on his contention that TPSS is vicariously liable for the intentionally tortious actions of its teacher-employee, Owens. Louisiana Civil Code article 2320 provides that employers are answerable for the damage occasioned by their servants and overseers, in the exercise of functions in which they are employed. Concerning the battery and assault claims, TPSS contends that it should not be vicariously liable because Owens's actions were intentional and not employment-related.

The Louisiana Supreme Court has adopted a four-factor standard in determining an employer's vicarious liability for an employee's intentional torts. See **Baumeister v. Plunkett**, 95-2270 (La. 5/21/96), 673 So.2d 994, 996-97 (relying on **Lebrane v. Lewis**, 292 So.2d 216, 218 (La. 1974)). The four factors are as follows: (1) whether the tortious act was primarily employment-rooted; (2) whether the violence was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment. **Baumeister**, 673 So.2d at 996-97. Although all four factors are not required for vicarious liability, an employer is not vicariously liable merely because his employee commits an intentional tort on the employer's premises during working hours. **Id**. at 997. In the present case, the third and fourth factors are satisfied because Owens committed the acts against J.B. at the school, his place of employment, during school hours. Therefore, in order to state a valid cause of action against TPSS for

5

vicarious liability of Owens's intentional torts, Buckley must be able to prove either the first or second **Lebrane** factor.

**Baumeister** contains further language that is helpful in this analysis, providing that employment-rooted conduct should be contrasted from conduct that is motivated by purely personal considerations entirely extraneous to the employer's interest. **Baumeister**, 673 So.2d at 997. Louisiana courts have held disputes that turned violent to be employment-rooted when they involved: an employee's refusal to perform his duties, see **Menson v. Taylor**, 2002-1457 (La. App. 1 Cir. 6/27/03), 849 So.2d 836, 841; a manager's discipline and termination of her subordinate, see **Cowart v. Lakewood Quarters Ltd. Partnership**, 2006-1530 (La. App. 1 Cir. 5/4/07), 961 So.2d 1212, 1215; an employee's complaints about the quality of a co-employee's work, see **Garcia v. Furnace and Tube Service, Inc.**, 40,517 (La. App. 2 Cir. 1/27/06), 921 So.2d 205, 211; and whether to close a workplace door to maintain a comfortable temperature, see **Benoit v. Capitol Manufacturing Co.**, 617 So.2d 477, 477-78 (La. 1993). In each of these cases, the court noted that the disputes were employment-related as opposed to stemming from personal disputes outside the workplace that merely culminated in the workplace.

Additionally, La. R.S. 17:416(A) provides for the discipline of students as follows, in pertinent part:

> (1)(a) Every teacher and other school employee shall endeavor to hold every student to a strict accountability for any disorderly conduct in school or on the playgrounds of the school, on the street or road while going to or returning from school, on any school bus, during intermission or recess, or at any school-sponsored activity or function.
>
> (b)(i) Each teacher may take disciplinary action to correct a student who disrupts normal classroom activities, who is disrespectful to a teacher, who willfully disobeys a teacher, who uses abusive or foul language directed at a teacher or another student, who engages in bullying, who violates school rules, or who interferes with an orderly education process.

. . .

(c)(i) When a student's behavior prevents the orderly instruction of other students or poses an immediate threat to the safety or physical well being of any student or teacher, when a student exhibits disrespectful behavior toward the teacher such as using foul or abusive language or gestures directed at or threatening a student or a teacher, when a student violates the school's code of conduct, or when a student exhibits other disruptive, dangerous, or unruly behavior, including inappropriate physical contact, inappropriate verbal conduct, sexual or other harassment, bullying, throwing objects, inciting other students to misbehave, or destroying property, the teacher may have the student immediately removed from his classroom and placed in the custody of the principal or his designee.

Further, La. R.S. 17:416.1 allows teachers to take further steps and use physical force to discipline students in certain situations.[2] In the current case, according to the petition, Owens took action to correct the perceived disruptive behavior of J.B. As a teacher, Owens has statutory authorization to take disciplinary action against disruptive students. TPSS in its brief focuses on Owens's alleged actions in pushing J.B., but it neglects to mention what allegedly precipitated those actions, that is, J.B.'s denial that he had thrown a bottle or cup in the classroom and his failure to obey Owens's instruction that he pick up the bottle or cup. Therefore, accepting the facts alleged in the petition as true, Buckley has stated a cause of action against TPSS for vicarious liability of Owens's intentional

---

[2] Louisiana Revised Statutes 17:416.1 provides, in pertinent part:

A. In addition to the specific disciplinary measures authorized in R.S. 17:416 teachers, principals, and administrators of the public schools may, subject to any rules as may be adopted by the parish or city school board, employ other reasonable disciplinary and corrective measures to maintain order in the schools; provided, however, that nothing in this Section shall be construed as superseding the provisions of R.S. 17:416 relative to the disciplining of students, suspensions, and expulsions.

. . .

[B.] (2) The governing authority of a public elementary or secondary school shall have discretion with respect to the use of corporal punishment; however, no form of corporal punishment shall be administered to a student with an exceptionality, excluding gifted and talented, as defined in R.S. 17:1942 or to a student who has been determined to be eligible for services under Section 504 of the Rehabilitation Act of 1973 and has an Individual Accommodation Plan. Each governing authority of a public elementary or secondary school shall adopt such rules and regulations as it deems necessary to implement and control any form of corporal punishment in the schools under its jurisdiction.

torts because they were employment-related; the district court erred in sustaining the peremptory exception raising the objection of no cause of action as to this claim.

As to Buckley's claim against TPSS for negligent hiring, he contends that the district court erred in granting the peremptory exception raising the objection of no cause of action regarding this claim. TPSS argues that there is no set of facts under which Buckley can state a valid cause of action because of the discretionary acts immunity set forth in La. R.S. 9:2798.1. Buckley contends that TPSS's knowledge of Owens's violent history was enough to overcome the discretionary acts immunity under La. R.S. 9:2798.1.

Louisiana Revised Statutes 9:2798.1 states, in pertinent part:

B. Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties.

C. The provisions of Subsection B of this Section are not applicable:

(1) To acts or omissions which are not reasonably related to the legitimate governmental objective for which the policymaking or discretionary power exists; or

(2) To acts or omissions which constitute criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

Discretionary immunity of a governmental agency will not apply when a specific course of action is prescribed because the employee has no rightful option but to adhere to the directive, but when discretion is involved, the court must then determine whether that discretion is the kind shielded by the exception: one grounded in social, economic, or political activity. **Gleason v. Nuco, Inc.**, 99-2954 (La. App. 1 Cir. 12/22/00), 774 So.2d 1240, 1242.

Louisiana Revised Statutes 17:81(A)(3) provides that "[e]ach local public school board shall delegate authority for the hiring and placement of all school

8

personnel ... to the local school superintendent." Thus, school superintendents are given discretionary power regarding the hiring and retention of school employees.

In **Smith v. Lafayette Parish Sheriff's Department**, the Lafayette Parish Sheriff's Department (LPSD) contended it was protected under the discretionary acts immunity of La. R.S. 9:2798.1 from a plaintiff's negligent hiring claims. **Smith v. Lafayette Parish Sheriff's Department**, 2003-517 (La. App. 3 Cir. 4/21/04), 874 So.2d 863, 865, writ denied, 2004-1886 (La. 10/29/04), 885 So.2d 595. The plaintiff filed suit against LPSD and a former deputy and sheriff of LPSD seeking damages arising from a rape committed by the former deputy. **Id.** at 864. The sheriff had adopted a hiring and retention policy requiring criminal background checks, previous employment checks, review of employee records for then-current LPSD employees, and interviews of LPSD personnel. **Id.** at 867. Smith argued that the hiring policy should have also included polygraph and psychological examinations, which she asserted were standard practice for law enforcement agencies. **Id.**

In affirming the trial court's grant of LPSD's motion for summary judgment, the **Smith** court held:

> [The Sheriff] established a hiring/retention policy when he took office which was within the course and scope of his lawful powers and duties. LPSD followed the policy when [the former deputy] applied to retain his position with LPSD. No statutes, regulations, or other legal requirements directed the hiring of law enforcement employees. Therefore, [the Sheriff's] hiring/retention policy was a discretionary act, and **liability cannot be imposed on LPSD for its application of the policy.**

**Id.** at 868 (emphasis added).

Similarly, in this case, TPSS's decision to hire and retain Owens was a discretionary act.

In order to overcome the discretionary acts immunity, the plaintiff must prove the acts or omissions of TPSS were criminal, fraudulent, malicious,

intentional, willful, outrageous, reckless, or flagrant misconduct. See La. R.S. 9:2798.1(C)(2). Only the most egregious conduct by agents, employees, or representatives of public agencies that exhibits an active desire to cause harm, or a callous indifference to the risk of potential harm from flagrantly bad conduct, will rise to the level of "willful misconduct" or "criminal, willful, outrageous, reckless, or flagrant misconduct" resulting in a forfeiture of all the immunity protections afforded by the discretionary acts immunity statute. **Haab v. East Bank Consol. Special Service Fire Protection Dist. of Jefferson Parish**, 2013-954 (La. App. 5 Cir. 5/28/14), 139 So.3d 1174, 1182, writ denied, 2014-1581 (La. 10/24/14), 151 So.3d 609.

According to the petition, TPSS had actual or constructive knowledge of Owens's disciplinary history at one school and multiple verbal altercations and threats to students at the school where the incident occurred. Buckley's petition did not allege any factual, non-conclusory statements indicating TPSS's conduct was "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant." See La. R.S. 9:2798.1(C)(2). As such, Buckley failed to state a cause of action against TPSS for negligent hiring and the trial court did not err in sustaining the exception of no cause of action as to this claim.

Buckley contends that the trial court acted improperly in sustaining the exception before sufficient discovery could be conducted. However, courts have upheld the dismissal of a petition based on the peremptory exception raising the objection of no cause of action pursuant to the discretionary acts immunity statute. See **Hanson v. Steven Caruso, Willow Creek, L.L.C.**, 2015-449 (La. App. 5 Cir. 12/23/15), 182 So.3d 1187, 1191, writ denied sub. nom **Hanson v. Caruso**, 2016-0134 (La. 3/24/16), 190 So.3d 1196; **Anderson v. Bossier Parish Police Jury**, 49,471 (La. App. 2 Cir. 11/19/14), 153 So.3d 550, 557, writ denied, 2014-2664 (La. 3/13/15), 161 So.3d 640. Therefore, Buckley's contention that the

discretionary acts immunity statute was improperly considered on a peremptory exception raising the objection of no cause of action is without merit.

Pursuant to La. C.C.P. art. 934, if a petition fails to state a cognizable cause of action and the grounds for the objection can be removed by amendment, the plaintiff should be allowed to amend his demand. On the other hand, where the grounds for the objection cannot be removed by amendment, the trial court is not required to allow amendment. La. C.C.P. art. 934. The decision to allow amendment is within the sound discretion of the trial court. **Didier v. Simmons**, 2019-1100 (La. App. 1 Cir. 5/11/20), ___ So.3d ___, ___, writ denied, 2020-00700 (La. 9/29/20), 301 So.3d 1162. In this case, the trial court did not provide Buckley an opportunity to amend his petition. In **Garza v. Delta Tau Delta Fraternity National**, 2006-0698 (La. App. 1 Cir. 3/28/07), 2007 WL 914875 *1, *3, this court reversed the trial court's judgment dismissing a petition pursuant to a peremptory exception raising the objection of no cause of action based on the discretionary acts immunity under La. R.S. 9:2798.1 when it determined that the allegations in the plaintiff's petition could constitute malicious, intentional, or willful misconduct pursuant to La. R.S. 9:2798.1(C)(2). In light of this court's decision in **Garza**, we are unable to say whether the objection pleaded by TPSS's peremptory exception raising the objection of no cause of action may be removed by an amendment relative to Buckley's negligent hiring claim. More information and factual allegations about TPSS's alleged knowledge of Owens's alleged altercations with and threats towards students is needed to make that determination. Therefore, the portion of the judgment dismissing Buckley's suit with prejudice as to the negligent hiring claim is reversed and this matter is

11

remanded to allow Buckley the opportunity to amend his petition in accordance with La. C.C.P. art. 934.[3]

## CONCLUSION

For all of the above and foregoing reasons, the November 25, 2019 judgment dismissing Marco Buckley's suit against Tangipahoa Parish School System is reversed insofar as Buckley's vicarious liability cause of action. The judgment is affirmed insofar as its grant of the peremptory exception raising the objection of no cause of action as to negligent hiring. We reverse that portion of the judgment dismissing Buckley's suit with prejudice and remand this matter to the trial court to allow Buckley an opportunity to amend his petition, if possible, to state a cause of action for negligent hiring against Tangipahoa Parish School System and for further proceedings consistent with this opinion. All costs of this appeal in the amount of $661.00 are to be paid by the defendant/appellee, Tangipahoa Parish School System.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[3] Because we are reversing the trial court's judgment as to the vicarious liability claim and allowing Buckley an opportunity to amend his petition as to the negligent hiring claim, we do not reach the issue of whether a court has the authority to grant a partial exception of no cause of action. We note that, in 1997, the legislature authorized a partial judgment that "sustains an **exception** in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. C.C.P. art. 1915(B)(1). (Emphasis added.) "This amendment ... authorizes a partial exception of no cause of action; importantly, the amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, **Louisiana Civil Law Treatise; Civil Procedure**, Vol. I, § 6.7, p. 173 (2d ed. 2008).